William M. Perry, J.
The defendant moves to dismiss the information charging him with a violation of paragraph (b) of subdivision 6 of section 265.05 of the Penal Law.
Subdivision 6 states: ‘‘ Any person who has in his possession a rifle or shotgun and who has been convicted anywhere of a felony or any one of the following misdemeanors or offenses is guilty of a class A misdemeanor.”
Among those offenses listed in paragraph (b) of subdivision 6 of section 265.05 is possession .of burglar’s tools. The defendant had previously been convicted of the charge of attempted possession of burglar’s tools in 1973.
The defendant is, therefore, moving to dismiss the information pursuant to CPL 100.15 and 100.40 on the grounds of insufficiency, in that CPL 265.05 (subd. 6, par. [b]) does not include the offense of attempted possession of burglar’s tools as an enumerated offense.
It is alleged in the factual part of the information that ‘ ‘ Noel Lampman having plead guilty on July 31st, 1973 to Attempted Possession of Burglar’s Tools did have in his possession and under his control in his bedroom a .22 caliber rifle.” The defendant contends that the information fails to allege any crime committed under Penal Law '(§ 265.05, subd. 6, par. [b]) since a conviction for an attempt of the enumerated misdemeanors does not subject one to criminal liability under the statute.
The People contend that the defendant is properly charged under this section since the Legislature in enacting the law intended to prohibit the possession of weapons by a person whose past convictions show a disposition towards serious crime and *228 a person convicted of attempted possession is. the same type of person who has been convicted of possession of burglar’s tools.
The People further contend that statutes must be construed and applied in a manner most practicable for purposes of accomplishing the objectives of the statute.
Courts are bound to construe statutes as written (People v. Friedman, 302 N. Y. 75), and may not by judicial decision expand statutes beyond their text (People v. Jelke, 284 App. Div. 211, affd. 308 N. Y. 56; Lawrence Constr. Corp. v. State of New York, 293 N. Y. 634; Bryant Park Bldg. v. Frutkin, 10 Misc 2d 198).
In Lawrence Constr. Corp. v. State of New York (supra, p. 639) the Court of Appeals stated that a “ statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. ” It is true that courts are not always bound by the literal meaning expressed in a statute, and where the intent of the Legislature is clear, the court may interpret the statute so as to effectuate such intent (Westchester County Soc. For Prevention of Cruelty to Animals v. Mengel, 266 App. Div. 151, affd. 292 N. Y. 121; People v. Koch, 250 App. Div. 623; Long v. Jerzewski, 235 App. Div. 441); however in this case there is no manifestation of a legislative intention to include ‘ ‘ attempts ’ ’ of the enumerated misdemeanors within the proscripts of the statute, and where • the meaning of a statute is definite on its face the court may not resort to construction to expand or alter the statute; (Shea v. Falk, 9 A D 2d 874, affd. 8 N Y 2d 1071; Fonda, Johnstown & Gloversville R. R. Co. v. State Tax Comm., 3 A D 2d 178, affd. 3 N Y 2d 853; Matter of Foscarinis, 284 App. Div. 476.)
Accordingly, the motion to dismiss is granted, since the information fails to state any crime under Penal Law (§ 265.05, subd. 6, par. [b]).