OPINION OF THE COURT
Stanley H. Nason, J.
On December 11, 1977, plaintiff Mildred Fernandez was operating a vehicle in which plaintiff, Juan Tavares, was a passenger, when the vehicle was involved in a collision with the defendant’s motor vehicle. It is conceded that plaintiffs were not wearing seat belts at the time of the accident.
The court is required to consider the following questions:
(1) Did plaintiffs meet the “serious injury” test as defined in subdivision 4 of section 671 of the Insurance Law?
(2) May the defendant present evidence at trial regarding plaintiffs’ failure to wear their seat belts, where the *49 defendant’s answer did not expressly plead the seat belt defense but merely asserted the culpable conduct of the plaintiffs?
I
According to expert medical evidence adduced at trial, plaintiff Fernandez suffered injuries resulting in permanent pain in the cervical area and plaintiff Tavares sustained injuries resulting in permanent partial limitation of motion in the area of the clavicle, neck and shoulder.
Subdivision 4 of section 671 of the Insurance Law states as follows: “ ‘Serious injury’ means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing all or substantially all of the material acts which constitute such person’s usual and customary activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.”
There need not be a permanent total loss of use of a body organ to constitute a “serious injury”. A significant partial limitation of use is sufficient (Harris v St. Johnsbury Trucking Co., 57 AD2d 127; Adamek v Dale Cab Corp., NYLJ, Oct. 6, 1980, p 14, col 5). Pain which is expected to be permanent may also form the basis of a “serious injury” (Harris v St. Johnsbury Trucking Co., supra; PJI 2:88A).
In the present case, both plaintiffs meet the “serious injury” test and are entitled to maintain this action. Plaintiff Tavares has sustained a permanent partial limitation of motion in the area of the clavicle and right shoulder. Plaintiff Fernandez has suffered from pain in the cervical area, which pain is expected to be a permanent sequella of the accident.
II
The defendant’s answer in this case contains the standard “culpable conduct” defense. The answer did not *50 specifically plead as a defense the failure of the plaintiffs to wear seat belts. Plaintiff did not demand a bill of particulars regarding the culpable conduct affirmative defense. At trial, the defendant introduced evidence regarding plaintiffs’ failure to wear seat belts. Plaintiffs now contend that defendant is precluded from raising the seat belt defense by reason of his failure to specifically raise the defense in the answer. For reasons that will be explained below, this court finds that defendant is entitled to raise the seat belt question at trial despite his failure to specifically raise the defense in the answer.
Extensive studies have demonstrated that seat belts have a very significant effect in minimizing injuries sustained in motor vehicle accidents. The seat belt defense was recognized even before the “culpable conduct” standard was created. In Spier v Barker (35 NY2d 444), the court held that the failure of the plaintiff to wear a seat belt could be considered on the question of mitigation of damages, although it would not be considered on the issue of contributory negligence (which under the law applicable at that time would have totally barred plaintiff from recovery). In Spier, the court said (pp 449-450): “We hold today that nonuse of an available seat belt and expert testimony in regard thereto, is a factor which the jury may consider, in light of all the other facts received in evidence, in arriving at its determination as to whether the plaintiff has exercised due care, not only to avoid injury to himself, but to mitigate any injury he would likely sustain *** However, as the trial court observed in its charge, the plaintiff’s nonuse of an available seat belt should be strictly limited to the jury’s determination of the plaintiff’s damages and should not be considered by the triers of fact in resolving the issue of liability. Moreover, the burden of pleading and proving that nonuse thereof by the plaintiff resulted in increasing the extent of his injuries and damages, rests upon the defendant. That is to say, the issue should not be submitted to the jury unless the defendant can demonstrate, by competent evidence, a causal connection between the plaintiff’s nonuse of an available seat belt and the injuries and damages sustained”.
Spier thus recited the requirement that the seat belt defense had to be affirmatively pleaded. This requirement *51 was reiterated in Davis v Davis (49 AD2d 1024). In Brodvin v Hertz Corp. (487 F Supp 1336) the Southern District Court applied New York law in a diversity case and held that the seat belt defense had to be specifically pleaded despite the defendant’s pleading of a contributory negligence defense. The court in Brodvin took the position that the use of the seat belt defense, without a prior pleading giving notice of the defense, would result in unfair surprise at trial.
In all of the cases cited above, the cause of action accrued prior to September 1, 1975, the effective date of the comparative negligence statute. Under the former law, the plaintiff had the burden of pleading and proving freedom from contributory negligence. The defendant did not have to plead anything more than a general denial. However, when the culpable conduct statute became effective (as of Sept. 1, 1975), the entire substantive and procedural picture changed. The defendant now has the burden of pleading and proving, as a defense, the culpable conduct of the plaintiff (CPLR 1412). CPLR 1411 states as follows: “In any action to recover damages for personal injury *** the culpable conduct attributable to the claimant *** including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant *** bears to the culpable conduct which caused the damages.”
It appears that CPLR 1411 was designed to cover all types of culpable conduct. The statute encompasses not only contributory negligence and assumption of risk but also, for example, the defense of product misuse in a strict products liability case. (PJI 2:36 [Supp, p 44]; cf. Codling v Paglia, 32 NY2d 330.) Moreover, the statute uses the words “culpable conduct which caused the damages” rather than “culpable conduct which caused the occurrence”. The clear inference is that the statute was intended to cover not only conduct which caused the accident but also culpable conduct which caused or failed to minimize the damages arising from the accident. The failure of the plaintiff to wear a seat belt can be raised in mitigation of damages and can be pleaded within the ambit of CPLR 1411.
*52 In the present case, it was sufficient for defendant to plead the affirmative defense of culpable conduct. Plaintiff could have demanded a bill of particulars regarding the affirmative defense, but chose not to do so. Had plaintiff demanded the bill, defendant would have had to specify the seat belt issue, and plaintiff would not have been subject to any surprise at trial. Plaintiff cannot validly claim surprise at this late date.
Professor David Siegel, writing in the New York State Law Digest,* said the following: “In a case brought today, with Spier well ensconced in the bar’s consciousness, a defense couched in general terms of plaintiff’s culpable conduct might conceivably be held to embrace the seat belt defense, especially with the bill of particulars and disclosure devices at hand for further probing. But the best course for a defendant is to include the seat belt defense as a distinct one, additional to the defense phrased generally. It does no harm.”
In view of the foregoing, plaintiff Mildred Fernandez is entitled to judgment in the amount of $6,000 and plaintiff Juan Tavares is entitled to judgment in the amount of $8,000.

 (No. 248, Aug. 1980, p 4.)