OPINION OF THE COURT
John A. Milano, J.
The following question, unanswered in reported cases to date, is now presented to this court. Does a defendant comply with the provisions of Vehicle and Traffic Law § 1229-c, i.e., the "seat-belt defense”, by pleading in its answer the defense of culpable conduct? For the reasons explained below the court answers this question in the negative.
Before proceeding to the reasons behind this decision, a brief factual history is in order.
This is a negligence action in which plaintiff, a New York City policeman, was injured while on duty riding as a passenger in an unmarked patrol car. During the damages portion of the bifurcated trial, plaintiff and the driver of the car both testified that plaintiff was wearing a seat belt at the time of the accident. However, despite the seat belt, plaintiff alleged that upon impact he was thrown forward and struck his head on the windshield causing severe injury. Defendant, on the other hand, disputes the severity of plaintiff’s injury and further contends that if, in fact, plaintiff was wearing a seat belt he would neither have struck the windshield nor sustained any serious injury.
Defendant, by its answer, raised as an affirmative defense that "the injuries alleged by the plaintiff were caused in whole or in part by and arose out of plaintiff’s culpable conduct.” Thereafter, the plaintiff requested a bill of particulars from the defendant regarding this affirmative defense. No such bill was ever given to the plaintiff by the defendant. Thus, at the time of trial, defendant’s only affirmative defense raised an issue of plaintiff’s culpable conduct, but did not specifically raise the defense of nonuse of a seat belt.
During the trial, defendant announced its intention to call an expert witness, an accident reconstructionist, in an attempt *96 to prove that the plaintiff could not have sustained the injuries he alleged if he was, in fact, wearing a seat belt. Plaintiff vigorously opposed the introduction of this testimony claiming surprise and further arguing that defendant’s failure to specifically plead the plaintiff’s alleged nonuse of an available seat belt precludes it from now raising this issue. Thus, the court was presented with the question of whether or not defendant’s answer using only the language of "culpable conduct” was sufficient to raise the affirmative defense of seat belt nonuse so as to allow defendant’s expert to testify.
In researching this matter the court found a paucity of cases which were directly on point. The seminal case in this area is Spier v Barker (35 NY2d 444 [1974]). In Spier, the Court of Appeals held for the first time that "nonuse of an available seat belt * * * is a factor which the jury may consider [in mitigation of damages]”. (Spier v Barker, supra, at 449, citing Mount v McClellan, 91 Ill App 2d 1, 234 NE2d 329.) The court went on to state, "Moreover, the burden of pleading and proving that nonuse thereof by the plaintiff resulted in increasing the extent of his injuries and damages, rests upon the defendant.” (Spier v Barker, supra, at 450.) The court did not elaborate as to how said defense had to be pleaded just that it was necessary to plead same.
In 1980, Judge Stanley Nason of the Civil Court was asked to determine whether or not it was sufficient for defendant to plead the affirmative defense of "culpable conduct” in order to raise as a defense the failure of the plaintiff to wear seat belts in mitigation. In a well-reasoned decision, Judge Nason held that pleading "culpable conduct” was sufficient to raise the seat belt defense (Fernandez v Vukosa, 108 Misc 2d 48 [1980]). At the time that Spier (supra) was decided, New York was still a contributory negligence jurisdiction. When Fernandez was decided, the entire substantive and procedural picture had changed with the adoption of the comparative negligence statute (CPLR 1411). Thus, Judge Nason wrote: "It appears that CPLR 1411 was designed to cover all types of culpable conduct. * * * The clear inference is that the statute was intended to cover not only conduct which caused the accident but also culpable conduct which caused or failed to minimize the damages arising from the accident. The failure of the plaintiff to wear a seat belt can be raised in mitigation of damages and can be pleaded within the ambit of CPLR 1411.” (Fernandez v Vukosa, supra, at 51.)
This view was followed by Court of Claims Judge Weisberg *97 in Pellegrino v State of New York (NYLJ, May 10, 1985, at 14, col 6). As stated by Judge Weisberg, "We, therefore, hold that the seat belt defense need not be specifically pleaded where the defendant has pleaded comparative negligence, and concur with the reasoning of Judge Stanley Nason who reached a similar conclusion in a somewhat different procedural context”. (Pellegrino v State of New York, supra, citing Fernandez v Vukosa, supra.)
This court agrees with the reasoning of both Judges Nason and Weisberg, and upon first impression, it would thus appear that based on these cases the defendant herein is entitled to prove its seat belt defense since its answer contained the language of "culpable conduct” on plaintiff’s part. However, in law, as in life, first impressions can be deceiving. On January 1, 1985, Vehicle and Traffic Law § 1229-c (the seat belt law) became effective and in one fell swoop the conclusions reached by both Fernandez and Pellegrino (supra) became "ineffective”. This is not to imply that the reasoning behind Fernandez and Pellegrino was inherently incorrect. On the contrary, both decisions were well reasoned and were absolutely correct at the time they were decided.* However, this court now must decide the same issue presented to Judges Nason and Weisberg in light of a statute which specifically speaks to the very issue.
Vehicle and Traffic Law § 1229-c reads in pertinent part:
"(3) * * * No person sixteen years of age or over shall be a passenger in the front seat of a motor vehicle unless such person is restrained by a safety belt * * *.
"(8) Non-compliance with the provisions of this section * * * may be introduced into evidence in mitigation of damages provided the party introducing said evidence has pleaded such non-compliance as an affirmative defense” (emphasis added).
The statute is explicit and leaves little room for debate. There is no question that Vehicle and Traffic Law § 1229-c is the statute which requires the use of seat belts in this State (nonuse punishable by fine). Thus, the only reasonable interpretation of the phrases "[n]on-compliance with the provisions *98 of this section” and "such non-compliance” is that they are referable to the "raison d’etre” of the statute itself, i.e., the requirement that a passenger must use a seat belt and its reverse corollary, the failure of an individual to use an available seat belt. "Courts are bound to construe statutes as written * * * and may not by judicial decision expand statutes beyond their text”. (People v Lampman, 78 Misc 2d 226, 228.) It would be an unreasonable expansion of the statute’s clear language to interpret the words "has pleaded such noncompliance” as encompassing the phrase "culpable conduct”. Simply put, the words "[n]on-compliance with the provisions of this section” means a specific and clear pleading that plaintiff has failed to use a seat belt and not merely that plaintiff hás contributed to his injuries by culpable conduct. Moreover, the phrase culpable conduct is a general category which may include a myriad of defenses besides just the nonuse of a seat belt. (See, CPLR 1412, and cases thereunder.) It is this court’s considered opinion that the Legislature deliberately avoided any use of this phrase in wording Vehicle and Traffic Law § 1229-c so as to settle this issue once and for all, to wit, proving mitigation of damages by nonuse of a seat belt may only be done if the defense of nonuse (and not just culpable conduct) is specifically pleaded. Thus, this court holds that under Vehicle and Traffic Law § 1229-c defendant herein is precluded from introducing any evidence with respect to plaintiff’s alleged nonuse of the seat belt because it did not specifically plead such "non-compliance”, and relied solely on its defense of culpable conduct.
Although this holding is dispositive of plaintiff’s motion herein there are two other points which the court is constrained to address. Defendant argued that even if it could not introduce the seat belt defense because it did not specifically plead same as per Vehicle and Traffic Law § 1229-c, it should be allowed to introduce its accident reconstructionist to attack plaintiff’s credibility. Defendant’s theory is that since the plaintiff testified he was wearing the seat belt and the expert would testify that the alleged injuries could not have been sustained if, in fact, the seat belt was in use, the expert’s testimony may be admitted for credibility purposes. It is a novel argument and one which merits some thought. However, after consideration, the court finds that it would be impossible to admit such evidence for the limited purpose of attacking credibility without simultaneously violating the clear intent of the statute. Once the jury became aware of an *99 issue of nonuse of seat belt, even if it came in under the guise of credibility, it would be unreasonable to expect them to be able to disassociate such nonuse from the issue of mitigation of damages. Thus, the defendant cannot introduce such expert testimony for purposed of attacking the plaintiffs credibility because the above issues are "inextricably intertwined”.
Finally, the court notes that if defendant had responded to plaintiffs demand for a bill of particulars regarding plaintiffs culpable conduct and had then explained that said conduct was plaintiffs nonuse of an available seat belt, then the result herein might have been different. If defendant had responded to plaintiffs demand and specified the seat belt issue then said response would have become part of the pleadings and defendant not only would have been in compliance with Vehicle and Traffic Law § 1229-c, but it would have been impossible for the plaintiff to claim surprise (see, Fernandez v Vukosa, supra, at 52).
Thus, for all the reasons stated above, the court holds that defendant’s motion to introduce the "seat belt issue” herein is denied and the testimony of the accident reconstructionist witness is hereby precluded.

 Although the date of the Pellegrino v State of New York decision (NYLJ, May 10, 1985, at 14, col 6) is five months after the effective date of Vehicle and Traffic Law § 1229-c, the court is aware that in all likelihood it was decided before Judge Weisberg became aware of the statute because of the normal lag time before the dissemination of new statutes becomes widespread.