■ MARK VAN VALKENBURGH, Respondent, v FREDERICK G. KOEHLER et al., Appellants, et al., Defendants. MARK VAN VALKENBURGH, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant. (Appeal No. 2.)—Judgment unanimously reversed

on the law without costs and new trial granted. Memorandum: The court's charge was erroneous in three respects and reversal of those judgments in which Tops Friendly Markets, Inc. was a defendant must be reversed. First, the court erred in failing to charge Vehicle and Traffic Law § 1195, thereby failing to instruct the jury that the blood alcohol test result of .01% was prima facie proof that defendant Frederick G. Koehler's ability to drive was not impaired by alcohol and that he was not in an intoxicated condition. Having received evidence of the blood alcohol test result, the court should have instructed the jury with respect to evaluating its significance *(see,* PJI 2:20).

The court also erred in its charge with respect to the Dram Shop cause of action (General Obligations Law § 11-101). Liability under the Dram Shop Act exists only when an accident is caused by intoxication. The court committed reversible error by instructing the jury that an intoxicated person is one whose judgment is impaired, thereby allowing the jury to find that any degree of impairment, rather than impairment to the extent of incapability, was sufficient *(see generally, People v Cruz,* 48 NY2d 419, 427-428, *appeal dismissed* 446 US 901; 3 CJI[NY] V&TL 1192 [1], [2], [3], at 2302 *et seq; cf.,* General Obligations Law § 11-100 [1]).

The court further erred in submitting to the jury a negligence cause of action based on Tops' illegal sale of beer to an under-age person, and charging that a violation of Penal Law § 260.20 may be considered evidence of Tops' negligence; a violation of Penal Law § 260.20 (4) does not provide the basis for a civil remedy *(Sheehy v Big Flats Community Day,* 73 NY2d 629, 636-637).

We further note that the court should have allowed objections during summations so that immediate curative action could have been taken as needed *(see generally, Layton Sales & Rentals v Somat Realty Corp.,* 39 AD2d 640, *lv denied* 31 NY2d 642; *People v Marcelin,* 23 AD2d 368, 370). (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—negligence and Dram Shop Act violation.) Present—Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.