ICK G. KOEHLER et al., Appellants, et al., Defendants. JOHN L. RENZO, as Father and Natural Guardian of PAUL RENZO, an Infant, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant. JOHN L. RENZO, Individually and as Administrator of the Estate of ELEANOR V. RENZO, Deceased, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant. (Appeal No. 4.)—Judgment unanimously reversed on the law without costs and new trial granted. Same memorandum as in *Van Valkenburgh v Koehler* ([appeal No. 2] 164 AD2d 971 [decided herewith]). (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—negligence and Dram Shop Act violation.) Present—Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.

■ MARK VAN VALKENBURGH, Plaintiff, v FREDERICK G. KOEHLER et al., Defendants. JEFFREY RENZO, Respondent, v FREDERICK G. KOEHLER et al., Appellants. JOHN D. RENZO, Respondent, v FREDERICK G. KOEHLER, et al., Appellants. JEFFREY RENZO, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant. JOHN D. RENZO, Respondent, v TOPS FRIENDLY MARKETS, INC., Appellant. (Appeal No. 5.)—Judgment unanimously reversed on the law without costs and new trial granted. Same memorandum as in *Van Valkenburgh v Koehler* ([appeal No. 2] 164 AD2d 971 [decided herewith]). (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—negligence.) Present—Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.

■ A.S.A.P. FUNDING CORP., Respondent, v JOHN FARIELLO et al., Appellants.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Summary judgment was improperly granted. There is a question of fact whether this loan, although in corporate form, was made to an individual *(see, Schneider v Phelps,* 41 NY2d 238, 241-242; *Jenkins v Moyse,* 254 NY 319, 324; *Kaye v Keret,* 89 AD2d 885, 886; *Shapiro v Weissman,* 7 AD2d 752, 753). Moreover, even if this were a loan to a corporation, there is a question of fact whether this transaction violated the criminal usury statute (Penal Law § 190.40). In addition to the interest rate of 24% called for in the note, the amount of $11,250, which plaintiff's president characterized as a "lender's fee", was charged and paid out of the proceeds of the loan. Plaintiff offered no proof concerning the nature of that fee. (Appeal from order of Supreme Court, Nassau County, Roncallo, J.—summary judgment.) Present—Doerr, J. P., Boomer, Lawton, Davis and Lowery, JJ.

■ In the Matter of IRWIN REID, Petitioner, v DAVID AXEL-