OPINION OF THE COURT
Thomas P. Flaherty, J.
Pursuant to CPLR 5019 defendant seeks to vacate that portion of the judgment which provides for interest for the period between the date the jury rendered its verdict to the date the judgment was entered.
*233 In this case brought under the Federal Employers’ Liability Act (45 USC § 51 et seq. [FELA]), the jury returned a total verdict against the defendant in the amount of $5,437,000 on April 26, 1990. Two months later, and on June 27, 1990, judgment was entered thereon, adding an interest component in the amount of $81,778.43, for the period between the verdict and entry of judgment. Plaintiff makes no claim for preverdict interest. The issue presented is whether in a FELA case tried in a New York State court interest is allowed for that period between the jury’s rendering of a verdict and the formal entry of judgment thereon. In answering such question in the affirmative, the court notes that the proper measure of damages in a FELA case tried in a State court, including entitlement to prejudgment interest, is inseparably connected with the right of action and is, therefore, an issue of substance to be settled according to " 'general principles of law as administered in the Federal courts.’ ” (Monessen Southwestern Ry. Co. v Morgan, 486 US 330, 335 [1988].)
Defendant cites 28 USC § 1961 as interpreted in Powers v New York Cent. R. R. Co. (251 F2d 813 [2d Cir 1958]) for the proposition that interest commences to run from the date judgment is actually entered. The statute provides that "interest shall be calculated from the date of the entry of the judgment” (28 USC § 1961 [a]). In Powers, the trial court entered judgment for the defendant notwithstanding the verdict. The Second Circuit reversed, reinstating the verdict and directing that interest on the judgment be calculated from the date of entry on the judgment on its own mandate rather than when the judgment was originally docketed following the jury verdict. However, the Second Circuit has recently concluded that Powers (supra) has been superseded by rule 37 of the Federal Rules of Appellate Procedure (Smith v National R. R. Passenger Corp., 856 F2d 467, 472-473 [2d Cir 1988]). This rule, effective in 1968, invests appellate courts with discretion to determine whether interest is allowable where a judgment is modified or reversed with a direction that a judgment for money be entered in the District Court. Rule 37 also provides that upon affirmance of a money judgment whatever interest is allowed by law is payable from the date the judgment was entered in the District Court. As such, the Second Circuit has specifically held that Powers no longer controls resolution of this issue.
The specific issue presented in this case was addressed by the Third Circuit of the United States Court of Appeals in *234 Poleto v Consolidated Rail Corp. (826 F2d 1270 [1987]), a FELA case tried in Federal court in Pennsylvania. The court held that postjudgment interest under 28 USC § 1961 should be calculated from the date of the verdict and not the entry of judgment. Noting a split among the circuits on this issue, the Poleto court includes the Second Circuit among those which read section 1961 "narrowly”, citing the Second Circuit’s holding in Powers (supra). However, Poleto was decided in 1987, a year before the Second Circuit held in Smith (supra) that Powers is no longer controlling. Indeed, in Smith, the Second Circuit favorably cites Poleto for the general proposition that the FELA seeks fully to compensate injured railroad employees (856 F2d 467, 473, supra). As such, this court concludes that the Second Circuit has considerably broadened its view in this area since it rendered Powers in 1958.
Stating that the purpose of postjudgment interest is to compensate a successful plaintiff for the deprivation of compensation for the loss from the time between ascertainment of the damage and actual payment, the Poleto court notes that postjudgment interest represents the cost of withholding the amount owed the plaintiff once that sum has been determined in a court proceeding. The court went on to specifically hold that, "[t]he purpose of postjudgment interest is not diluted where, as here, the initial ascertainment of damages is left standing but a delay occurs between the date of the ascertainment and the date of the eventual entry of judgment. Turner, 702 F.2d at 756-57.” (Poleto v Consolidated Rail Corp., supra, at 1280.) The court held that "it would be anomalous to read section 1961 so narrowly that the cost of delay in payment would be imposed on a successful plaintiff.” (Supra.)
Parenthetically, this result is in accord with New York law which allows interest for the period between verdict and entry of judgment (CPLR 5002; Siegel, NY Prac § 411). As the Appellate Division, Fourth Department has recently stated, "[o]noe a judicial determination has been made that a party has been wrongfully injured by another, it will, except in rare cases, trigger the commencement of the period for which interest is to be awarded as a matter of law.” (Love v State of New York, 164 AD2d 155, 157.)
In Poleto (supra), the Third Circuit secondarily argues that section 1961 should not be read in isolation, but in conjunction with the Federal Rules of Civil Procedure, which determine the date on which judgment is entered. Federal Rules of Civil Procedure, rule 58 (1) directs that "upon a general *235 verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain * * * the clerk, unless the court orders otherwise, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court” (emphasis added). Similarly, subdivision (2) of rule 58 provides that "upon a decision by the court granting other relief, or upon a special or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it” (emphasis added). Rule 58 (2) further provides that "[e]ntry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.” As the court noted, "[d]clay in entering the judgment after the verdict has been rendered thus contravenes Rule 58’s express direction of promptness and may frustrate section 1961’s purpose. * * * To prevent prejudice to the plaintiffs right to postjudgment interest, the court should enter judgment immediately after the jury’s verdict.” (Poleto v Consolidated Rail Corp., supra, at 1281.)
Other circuits have adopted this broad and equitable construction of section 1961. (See, e.g., Louisiana & Ark. Ry. Co. v Pratt, 142 F2d 847 [5th Cir 1944] [interest from the date of verdict may be awarded when, through no fault of plaintiff, appreciable time has elapsed between rendition of the verdict and entry of judgment]; Bailey v Chattem, Inc., 838 F2d 149 [6th Cir 1988] [section 1961 must be interpreted broadly to effectuate the purposes of postjudgment interest]; Merrill Lynch, Pierce, Fenner & Smith v Knudsen, 749 F2d 496 [8th cir 1984] [when oversight in clerk’s office caused entry of judgment to be delayed some 10 months, equity required interest to be calculated from date judgment should have been entered]; Turner v Japan Lines, 702 F2d 752 [9th Cir 1983] [adopting the equitable construction of section 1961 as enunciated by the Fifth Circuit in Louisiana & Ark. Ry. Co. v Pratt, supra].)
Based upon the foregoing, the court concludes that had this case been tried across the street in the Federal District Court the plaintiff would have been allowed interest on his award for the period between verdict and entry of judgment. The result should not differ merely because plaintiff chose the State court as his forum for recovery. As noted, Federal rules govern damage issues in FELA cases tried in State courts (Monessen Southwestern Ry. Co. v Morgan, supra).
*236 A holding that interest should be calculated from the date of verdict is particularly warranted here given the practice in New York State relative to entry of judgments. In the first instance, there is no New York rule comparable to rule 58, which contains an extremely firm direction that the clerk enter judgment "promptly” or "forthwith” upon the rendering of a verdict. In New York preparation of a judgment is left to counsel and is not a function carried out by court personnel. It is also the practice in New York that the clerk of the court will not accept a judgment for entry without copies of the trial minutes from the trial court’s clerk. These minutes are not released by the clerk until postverdict motions are heard, with all the possibilities for delay inherent in that process; delays which are generally not brought about by a successful plaintiff. These differences in postverdict procedures in the Federal and New York State court systems should not work a financial penalty on a plaintiff who chooses a State forum to pursue a Federal statutory remedy. This court holds that the return of a verdict by a New York State court jury in a FELA case is, for purposes of calculating interest, the equivalent of and tantamount to "entry of judgment” (28 USC § 1961 [a]).
Accordingly, defendant’s motion to vacate that portion of the judgment which provides for interest for the period between the jury verdict and entry of the judgment is in all respects denied.