■ JAN PYRKA et al., Plaintiffs, v 38TH ST. SUMMIT CORP. et al., Defendants. ALICE SANT'ANDREA, Third-Party Plaintiff-Appellant, v 242 WEST 38TH STREET Co. et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.—Order, Supreme Court, New York County (Carol Huff, J.), entered on September 9, 1990, which denied a motion and cross-motion for reargument of a prior motion as academic, but granted the motion and cross-motion for renewal, recalled on renewal an order of the same court (Karla Moskowitz, J.), entered on February 27, 1990, and, on renewal, *inter alia,* denied the third-party plaintiff's motion for summary judgment, denied the third-party defendants' cross-motion to dismiss the third-party complaint, and dismissed the third-party defendants' fourth and sixth affirmative defenses, unanimously affirmed, without costs. The third-party defendants' appeal from the order entered on February 27, 1990, to the extent that the court denied their motion pursuant to CPLR 3211 (a) (7) for dismissal of the complaint, is dismissed, without costs, that order being superceded by the order entered on September 9, 1990.

This is one of several actions that have arisen out of a transaction whereby a building at 242 West 38th Street, in Manhattan, was acquired by a partnership, transferred to a related corporation, and then sold to an unrelated corporation. Allegedly, at closing the partnership, one of the partners, or both, arranged for financing that was either funded or guaranteed by third-party plaintiff Sant'Andrea and a corporation of which she was a principal. As part of the consideration for this transaction, Ms. Sant'Andrea received a lease for the 14th floor of the building. She has maintained that the lease mistakenly excluded an oral agreement with defendant Iraqui that the floor would be subleased and she would retain all rent in excess of $500 per month.

On renewal, the IAS court properly found that there is no triable issue of fact as to whether or not this oral agreement existed, the terms having been admitted by defendant Iraqui in his deposition, as well as various principals of the remaining defendants in this and related actions. Nevertheless, the IAS court properly found a triable issue of fact based on an assertion by the defendants of affirmative defenses and counterclaims based on usury. Allegedly, the loan was at 24% annual interest, with additional "bonuses" in excess of $17,000, raising a triable issue of fact on usury (see, A.S.A.P. Funding Corp. v Fariello, 164 AD2d 973). Triable issues of fact exist with respect to the exact nature of the loan and the exact identity of the borrowers and lenders, precluding summary judgment. Since usury is now the primary issue in the instant litigation, there is also a triable issue of fact as to whether or not the third-party plaintiff had the intent to commit criminal usury, criminal intent being a matter determined according to circumstances (People v Dellipizzi, 61 AD2d 961).

We have reviewed the remaining contentions of the parties, and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Asch, JJ.