■ FRANK ESCHBERGER, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant.—Judgment unanimously reversed on the law and facts without costs and new trial granted on the issue of damages only unless plaintiff, within 20 days of service of a copy of the order herein with notice of entry, stipulates to reduce the verdict to $3,005,000, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: Plaintiff, a brakeman, injured his back while he was manually adjusting a misaligned drawbar on a railroad car at defendant's Frontier Yard. Plaintiff commenced this action seeking damages for personal injuries, alleging causes of action under the Federal Employers Liability Act (FELA; 45 USC § 51 *et seq.)* and the Federal Safety

Appliance Act (FSAA; 45 USC § 1 *et seq.)*. Plaintiff's FELA claim was dismissed at the close of the proof. The jury awarded plaintiff damages under FSAA in the principal amount of $5,437,000.

On appeal, defendant argues that it is not liable under FSAA for plaintiff's injury, which was caused by his manual manipulation of a misaligned drawbar. We disagree. Most courts which have interpreted FSAA have concluded that the failure of railroad cars to couple automatically because the drawbars were misaligned imposes absolute liability upon the railroad *(see, Metcalfe v Atchison, Topeka & Santa Fe Ry., Co.,* 491 F2d 892, 896 [10th Cir 1974] and cases cited therein). In similar situations in which railroad workers suffered injuries while adjusting a misaligned drawbar, most courts have found liability, and we reach the same result here *(see, Leveck v Consolidated Rail Corp.,* 148 Ill App 3d 118, 498 NE2d 529, *appeal denied* 113 Ill 2d 576, 505 NE2d 354; *Plouffe v Burlington N.,* 224 Mont 467, 730 P2d 1148). Even if we were to recognize a misalignment defense to FSAA, as urged by defendant, we conclude that defendant failed to meet its burden of proving that the misalignment of the drawbar was not the result of an equipment defect *(see, Maldonado v Missouri Pac. Ry. Co.,* 798 F2d 764, 770, *cert denied* 480 US 932).

Evidence concerning improper practices at defendant's yard was relevant to plaintiff's negligence claims under FELA and properly admitted. The court's instruction on the aggravation of a latent condition tracked PJI 2:283 and adequately defined that concept to the jury. We find no error in the court's determination to allow defendant to prove at a posttrial hearing the amount of setoff it might be entitled to for payment of plaintiff's medical expenses. The issue of setoff is one for the court, not the jury *(see,* CPLR 4545 [c]; McLaughlin, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4545, 1991 Supp Pamph, at 500). We further conclude that, by failing to object to comments made on summation by plaintiff's counsel at a time when the court might have taken corrective action, defendant has failed to preserve any issue concerning the propriety of the comments for review *(see, Van Valkenburgh v Koehler,* 164 AD2d 971). Moreover, were we to review the issue, we would hold that, although some of his remarks on summation were improper, the conduct of plaintiff's counsel was not so egregious as to require reversal.

Upon our review of the record, we conclude that the verdict is excessive, in that it deviates materially from what would be

reasonable compensation (CPLR 5501 [c]). The highest amount that can be justified by plaintiff's evidence is $853,000 for lost wages. We decline to disturb the amounts awarded for past and future medical expenses totaling $452,000. However, the jury's award of $4,000,000 for past and future pain and suffering cannot be sustained. Plaintiff has undergone two painful and serious surgical procedures on his back and faces the probability of further surgery. However, plaintiff is still able to walk, drive, and engage, in a limited fashion, in many of the activities he enjoys. In our view, the sum of $1,700,000 is the highest amount that can be justified as compensation for plaintiff's past and future pain and suffering. We, therefore, order a new trial on the issue of damages only, unless plaintiff stipulates to reduce the verdict to the principal amount of $3,005,000. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ. *[See,* 149 Misc 2d 232.]