■ MARY TAYLOR, Respondent, v CHARLES HENDERSON, as Administrator of the Estate of LYNN HENDERSON, Deceased, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). (Appeal from Order of Supreme Court, Jefferson County, Inglehart, J.—Negligence.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.

■ MARY TAYLOR, Respondent, v CHARLES HENDERSON, as Administrator of the Estate of LYNN HENDERSON, Deceased, Appellant. (Appeal No. 2.)—Judgment affirmed without costs. Memorandum: In this personal injury action, the court submitted an interrogatory to the jury seeking determinations of both future loss of earnings and future impairment of earning ability. The jury awarded plaintiff $97,500 for future loss of earnings and $25,000 for future impairment of earning ability. Defendant argues for the first time on appeal that the awards are duplicative and should not stand, and that the charge failed to explain any difference between the two concepts.

CPLR 4111 (f) requires itemization of, *inter alia,* loss of earnings and impairment of earning ability, without defining those terms. The interrogatory submitted by the court followed the suggested itemized verdict charge in PJI 2:301 (3) (1990 Supp) and the "Special Verdict Form" that accompanies that section (1 NY PJI2d 481 [1990 Supp]). However, no suggested charge in NY PJI2d explains the distinction be-

tween future loss of earnings and future impairment of earning ability *(cf.,* PJI 2:290) and we find no basis for any distinction.

Although we agree with defendant that the interrogatory was erroneous, we decline to reach this unpreserved error in the exercise of discretion *(cf., Iaunow v Hearns,* 117 AD2d 992). We find no merit to defendant's other contentions.

All concur, except Doerr, J. P., and Lawton, J., who dissent in part and vote to modify and grant a new trial on the issue of damages, in accordance with the following Memorandum.

Doerr, J. P., and Lawton, J. (dissenting in part). We respectfully dissent in part. The jury interrogatories provided that, if the jury found defendant negligent, it should set forth the amount of damages sustained by plaintiff for "loss of earnings" after January 1, 1990 and "impairment of earning ability" after January 1, 1990. Plaintiff admits that both items of damages encompass her future losses, that the trial court used those phrases interchangeably, and that the trial court did not distinguish between them. Given those circumstances, the interrogatories were erroneous and permitted the jury to compensate the plaintiff twice for the same item of damages. It is axiomatic that duplicate awards are prohibited *(see, e.g., Demov, Morris, Levin & Shein v Glantz,* 78 AD2d 883, 884, *affd* 53 NY2d 553). Further, where interrogatories are so unclear or confusing that they create an issue on the amount of damages determined by the jury, a new trial is appropriate "to prevent a miscarriage of justice" *(Wingate v Long Is. R. R.,* 95 AD2d 671, 672; *see also, Booth v Penney Co.,* 169 AD2d 663). Although no objection was made to the interrogatories, we would reverse in the exercise of discretion that part of the judgment awarding damages and grant a new trial on that issue because the interrogatories were so confusing as to prevent the jury from properly considering the issue and the error is fundamental in nature *(see generally, Rivera v W.&R. Serv. Sta.,* 34 AD2d 115, 117; *Clark v Donovan,* 34 AD2d 1099, *appeal dismissed sub nom. Clark v Olson,* 31 NY2d 661; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4017.09). (Appeal from Judgment of Supreme Court, Jefferson County, Inglehart, J.—Negligence.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.