■ ROGER HILL, Respondent, v DONALD W. MUCHOW et al., Appellants.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, for further proceedings, in accordance with the following Memorandum: On appeal from a judgment awarding plaintiff $4,450,947.02 on his personal injury cause of action, defendants contend that the jury's award of $2.5 million for plaintiff's future pain and suffering is excessive; that the court erred in failing to reduce the verdict by the amount of any collateral source payments pursuant to CPLR

4545; that the court erred in failing to "structure" the future damages components of the judgment pursuant to CPLR article 50-B; and that the verdict is duplicative insofar as it grants plaintiff recovery for both lost earnings and impairment of earning capability.

The verdict is not excessive. The evidence establishes that, as a result of the injuries sustained by plaintiff in the accident, he cannot walk, stand, sit or even lie down for long periods without experiencing pain. There is no dispute that plaintiff's foot and ankle pain and disabilities are extreme, permanent, and progressively worsening. In addition to the injuries affecting his ambulation, plaintiff also sustained severe, painful and debilitating or deforming injuries to his nose, face, mouth, jaw, neck and back, which affect his appearance, eating, breathing and working. On these facts, the $2.5 million awarded by the jury is not excessive to compensate plaintiff for approximately 27 years of future pain and suffering, and does not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *cf., Eschberger v Consolidated Rail Corp.,* 174 AD2d 983; *Venable v New York City Tr. Auth.,* 165 AD2d 871, 872).

Inasmuch as defendants did not submit evidence of collateral source payments for the court's consideration, the court did not err in failing to reduce the award pursuant to CPLR 4545. Similarly, defendants waived any objection to the duplicative jury award for loss of earnings and impairment of earning capability *(Taylor v Henderson* [appeal No. 2], 175 AD2d 590).

We conclude, however, that the court erred in failing to structure the judgment pursuant to CPLR article 50-B. CPLR 5041 (e) provides that "the court shall enter a judgment for the amount of the present value of an annuity contract that will provide for the payment of the remaining amounts of future damages in periodic installments". The statute unequivocally places the onus on the court to structure the judgment, and we conclude that defendant did not waive the application of CPLR article 50-B by failing to submit proof of an appropriate discount rate. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Negligence.) Present—Denman, P. J., Doerr, Green, Balio and Lawton, JJ.