Alfonzo T. FRAZIER, Jr., Appellee,

v.

NORFOLK & WESTERN RAILWAY COMPANY, Appellee, Cross–Appellant,

and

Post Express, Incorporated, Appellant, Cross–Appellee.

Nos. 92–3181, 92–3182.

United States Court of Appeals, Seventh Circuit.

Argued March 31, 1993.

Decided June 23, 1993.

Rehearing Denied Aug. 4, 1993.

Kenneth A. Peterson (argued), Chicago, IL (Weston W. Marsh, Jane W. Grover, and Freeborn & Peters, on the brief), for appellant Norfolk & Western Ry. Co.

Robert A. Glaves (argued), Chicago, IL (Lyndon C. Molzahn, and Menges, Mikus, & Molzahn, on the brief), for appellant Post Express, Inc.

Robert W. Schmieder (argued), East Alton, IL (Gregory M. Tobin, William J. Harte, Courtney C. Nottage, and Pratt, Jones, Tobin & Hylla, on the brief), for appellee Alfonzo T. Frazier, Jr.

Before CUDAHY and MANION, Circuit Judges, and TIMBERS, Senior Circuit Judge.[*]

TIMBERS, Senior Circuit Judge.

Appellants Norfolk & Western Railway Co. (Norfolk) and Post Express, Inc. (Post Express) appeal from a $2,300,000 judgment entered on a jury verdict in the Northern District of Illinois, George M. Marovich, *District Judge,* in this Federal Employers' Liability Act (FELA) action. 45 U.S.C. § 51 *et seq.* (1988).

The appeals bring up for review post trial orders denying Norfolk's motion for judgment as a matter of law pursuant to Fed. R.Civ.P. 50 and the motions by Norfolk and Post Express for a remittitur or a new trial pursuant to Fed.R.Civ.P. 59.

For the reasons that follow, we affirm the judgment in all respects.

## I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

On September 30, 1988, appellee Alfonzo T. Frazier, Jr., a carman employed by Norfolk, injured his back while unloading 11,600 pound double axle railroad wheel assemblies (bogies) from a flatbed trailer owned by Post Express. To unload the bogies, Frazier had to climb upon the trailer and secure a crane cable harness onto each bogie. Once attached, the crane lifted the bogie six inches above the trailer. The truck then was driven forward, out from under the suspended bogie. Norfolk used this procedure to minimize the movement of the crane. Frazier was to give the truck's driver a hand signal after he dismounted to indicate that it was safe to drive the truck forward.

In the process of unloading one of the bogies, the driver of the trailer pulled away while Frazier was still on the trailer. Frazier claimed that he never gave the signal to move the truck. The truck's driver claimed, that, although he did not see a hand signal, he heard Frazier give what he interpreted as a verbal signal to drive away. To avoid being hit by the suspended bogie, Frazier jumped off the moving trailer and fell five feet to the ground. As a result of this fall, Frazier sustained two ruptured disks in his lower back. Eventually, in a process known as a diskectomy, both disks were removed surgically.

In 1990, Frazier commenced the instant action against Norfolk, Post Express, Norfolk & Southern Railway Co., and Triple Crown Services, Inc. alleging that their negligence caused his injuries. Frazier sought recovery under both FELA and common law negligence. On March 5, 1991, Norfolk & Southern and Triple Crown were dismissed

---

[*] The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

with prejudice from the action. Norfolk and Post Express subsequently filed cross-claims alleging that the other was liable for Frazier's injuries and seeking indemnification and contribution. At a jury trial Frazier adduced evidence supporting two theories under which Norfolk would be partially liable for Frazier's injuries. First, he claimed that Norfolk, contrary to its normal practice, did not have enough workers on the site safely to unload the bogies. Second, he claimed that Norfolk was negligent because it used an inadequate crane to unload the bogies.

The jury awarded Frazier damages in the amount of $2,300,000. On the cross-claims, the jury found Post Express 90% at fault and Norfolk 10% at fault. On June 11, 1992, a judgment in the amount of the jury verdict was entered in favor of Frazier and against Norfolk and Post Express. On June 19, 1992, Frazier filed a motion to amend the judgment to provide that Norfolk and Post Express were jointly and severally liable. On June 25, 1992, the court granted this motion and entered an amended judgment accordingly.

On June 23, 1992, Norfolk and Post Express filed various post-trial motions. Norfolk sought judgment as a matter of law on the ground that neither Frazier nor Post Express established that Norfolk's negligence caused Frazier's injuries. Norfolk also moved to apportion costs between it and Post Express in the same proportion that the jury apportioned liability. Norfolk, together with Post Express, sought a remittitur or, in the alternative, a new trial on the issue of damages, claiming that the $2,300,000 award was excessive. Post Express sought a new trial on the ground that it was prejudiced unduly by comments made by Frazier's counsel during opening argument. In an order dated August 11, 1992, the court denied the post-trial motions.

On the instant appeal, appellants seek reversal of the judgment in favor of Frazier, Norfolk claiming that the court erred in not granting its motion for judgment as a matter of law and Norfolk and Post Express claiming that the court abused its discretion in not ordering a remittitur or a new trial on the issue of damages.

## II.

### (A) *Judgment As a Matter of Law*

Norfolk contends that the court erred in denying its motion pursuant to Fed.R.Civ.P. 50 for judgment as a matter of law on Frazier's claim and Post Express's cross-claim because Frazier and Post Express failed to prove a causal connection between Norfolk's negligence and Frazier's injuries. Norfolk also contends that, even if it was negligent, the Post Express driver's conduct was a superseding cause that broke the chain of causation between its conduct and Frazier's injuries.

■ We review *de novo* the denial of a motion for judgment as a matter of law. *Walden v. Illinois Cent. Gulf R.R.*, 975 F.2d 361, 364 (7th Cir.1992). Our inquiry is limited to "whether there is sufficient evidence, when combined with all inferences reasonably drawn, to support the jury's verdict when the evidence is viewed in the light most favorable to the nonmoving party". *Siddiqi v. Leak*, 880 F.2d 904, 908 (7th Cir.1989). Our role is not to "reweigh or reevaluate the evidence—that task is reserved to the jury as factfinder", *id.*, but to determine whether there is any basis upon which a reasonable jury could reach the conclusion that it did. *Peyton v. St. Louis S.W. Ry. Co.*, 962 F.2d 832, 834 (8th Cir.1992).

We have recognized that "a jury verdict [in a FELA case] can be set aside '[o]nly when there is a *complete absence* of probative facts to support the conclusion reached' ". *Harbin v. Burlington N. R.R. Co.*, 921 F.2d 129, 131 (7th Cir.1990) (emphasis added) (quoting *Lavender v. Kurn*, 327 U.S. 645, 653 (1946)). Moreover, "[i]n passing on the issues of fault and causality ... the jury has a broad power to engage in inferences". *Heater v. Chesapeake & Ohio Ry. Co.*, 497 F.2d 1243, 1247 (7th Cir.), *cert. denied*, 419 U.S. 1013 (1974). Indeed, the Supreme Court repeatedly has stressed that in FELA cases we are not "free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because [we] feel that other results

are more reasonable". *Tennant .v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 35 (1944).

■ Frazier adduced evidence to support his claim that Norfolk utilized an inherently unsafe method and an improper crane for unloading bogies and failed to provide a sufficient work crew on the day of Frazier's accident. A crane safety expert testified that the use of only two crewmen to perform the unloading operations was unsafe. Indeed, the Norfolk crane operator and a foreman testified that on all prior occasions Norfolk used three crewmen to unload bogies. The third crewman here would have functioned as a signalman to indicate to the Post Express driver that it was safe to move the trailer. The crane operator and the crane safety expert also testified that a safer practice for unloading bogies was not utilized because Norfolk's crane was not capable of moving the bogies more than six inches vertically. As a result, the bogies had to be unloaded by moving the trailer rather than moving the crane. From this testimony, the jury reasonably could infer that Norfolk created an unsafe work place that contributed to Frazier's injuries. The jury also had a reasonable basis upon which to find Norfolk 10% responsible for Frazier's injuries because of its failure to take preventative measures such as using a larger capacity crane or using an extra person for signaling the driver. Viewing the evidence in the light most favorable to Frazier, there was sufficient evidence to support the jury's verdict. Norfolk failed to show that there was a "complete absence of evidence of probative facts to support the conclusion reached". *Harbin, supra*, 921 F.2d at 131.

We hold that the court properly denied Norfolk's motion for judgment as a matter of law.

### (B) *Remittitur*

Norfolk and Post Express contend that the court abused its discretion in not ordering a remittitur. They claim that the jury's award of $2,300,000 is excessive because it has no rational connection to the evidence adduced at trial and is out of line with awards in similar cases from the same geographic area.

It is well settled law in this Circuit that trial judges may vacate a jury's verdict for excessiveness only when they determine that the award was "monstrously excessive" or that there was "no rational connection between the evidence on damages and the verdict". *Joan W. v. City of Chicago*, 771 F.2d 1020, 1023 (7th Cir.1985) (citing *Abernathy v. Superior Hardwoods, Inc.*, 704 F.2d 963, 971 (7th Cir.1983)). Another factor to be considered is "whether the award is out of line compared to other awards in similar cases." *Levka v. City of Chicago*, 748 F.2d 421, 425 (7th Cir.1984); *Joan W., supra*, 771 F.2d at 1025 (court must determine whether award is "rationally proportionate to awards assessed in similar cases for injuries that are no different in kind from those suffered by the plaintiff"). In reviewing the court's decision not to order a remittitur or a new trial, we are mindful that we are "governed by the extremely limited abuse of discretion standard". *Joan W., supra*, 771 F.2d at 1023.

#### (1) *Rational Connection Between Evidence and Award*

■ Frazier sought the following damages: $114,600 for past lost earnings; $430,000 for future lost earnings; $750,000 for disability and disfigurement; $250,000 for past pain and suffering; and $750,000 for future pain and suffering. The total amount requested was somewhat short of the $2,300,000 awarded by the jury. Norfolk and Post Express challenge the amounts awarded for future lost earnings, disability, and past and future pain and suffering, asserting that they are not rationally connected to the evidence adduced at trial. Both Norfolk and Post Express assert that, since Frazier is able to work, is presently in good health, does not require continued medical treatment, and is not required to take prescription medicine, the court abused its discretion in not ordering a remittitur.

We find that the jury's award is supported by the evidence. An economist testified that Frazier's future lost wages ranged from approximately $313,817 to $547,445. A vocational expert testified that Frazier would have difficulty finding and keeping a job. Frazier's physician testified that Frazier suffers from a permanent back condition and will suffer future pain. Further, Frazier's injuries prevent him from lifting more than

fifty pounds, preventing him for returning to his job as a carman. In view of this testimony, it cannot be said that there was no rational connection between the evidence adduced at trial and the amount of damages awarded.

### (2) Awards In Similar Cases

■ Norfolk asserts that in comparing jury awards in similar cases, we are restricted to cases arising in the Cook County area. We decline Norfolk's invitation, however, to so constrain ourselves in view of the fact that we have never held that geographic similarity of cases is required when comparing jury awards. In fact, we have examined awards from other jurisdictions in considering motions for a remittitur. Webb v. City of Chester, Illinois, 813 F.2d 824, 836–37 & n. 3, 4 (7th Cir.1987) (examining civil rights awards in other circuits); Phillips v. Hunter Trails Community Ass'n, 685 F.2d 184, 190 (7th Cir.1982) (looking to court in Northern District of California). Since the court was not limited to FELA back-injury cases in Cook County or the Northern District of Illinois, it properly considered factually similar cases in other jurisdictions.

Examining the jury's award through a prism of relevant case law, we cannot say that a $2,300,000 award for a back injury, although large, shocks our judicial conscience. Large FELA jury verdicts in state and federal court are not uncommon. In Eschberger v. Consolidated Rail Corp., 174 A.D.2d 983, 984, 572 N.Y.S.2d 539, 540 (1991), cert. denied, 112 S.Ct. 1778 (1992), a FELA jury award of more than $4,000,000 was reduced on a motion for a remittitur to $3,005,000, an amount substantially more than the award in the instant case. In Schneider v. National R.R. Passenger Corp., 987 F.2d 132, 137–38 (2d Cir.1993), a FELA jury verdict of $1,750,000 was held to be reasonable and not shocking to the conscience where the only physical injuries were multiple contusions, laceration of the tendon in the left thumb and laceration of the nerve in the left thumb. In Hancock v. Norfolk & W. Ry. Co., 39 Ohio App.3d 77, 529 N.E.2d 937 (1987), a FELA jury award of $1,500,000 to a 29–year–old back injury victim was held not

grossly excessive although it was reduced for other reasons.

Frazier cites numerous FELA cases involving similar back injuries in which jury verdicts of more than $2,000,000 have been returned for plaintiffs. Lewis v. Illinois Cent. R.R. Co., No. 87–L–9, (St. Clair County, Ill.Cir.Ct.), aff'd, 234 Ill.App.3d 669, 600 N.E.2d 504 (1992), appeal denied, 148 Ill.2d 643 (1993) ($3,900,000 jury verdict for railroad worker who underwent a laminectomy and insertion of steel plates into lumbar spine); Walter v. Missouri Pac. R.R., No. 882–07231, (St. Louis City, Mo.Cir.Ct. Aug. 9, 1991) ($2,750,000 jury award to a plaintiff who required cervical disc surgery and was rendered unable to engage in railroad work but could perform sedentary work); Dickerson v. Norfolk & W. Ry. Co., No. 87–C–153, (Brooke County, W.Va.Cir.Ct. July 2, 1991) ($3,500,000 verdict for plaintiff who suffered neck injury requiring cervical diskectomy and fusion); Mendoza v. Norfolk & W. Ry. Co., No. 862–4824, (St. Louis City, Mo.Cir.Ct. July 2, 1990) ($2,275,000 award to railroad employee who sustained herniated discs and was unable to return to railroad work); Cremer v. Missouri Pac. R.R., No. 872–07106, (St. Louis City, Mo.Cir.Ct. Feb. 8, 1990) ($2,600,000 award to railroad worker who sustained a ruptured disc and neck injuries); and Anglim v. Missouri Pac. R.R., No. 872–1007, (St. Louis City, Mo.Cir.Ct. Sept. 14, 1989) ($2,300,000 jury verdict for plaintiff who underwent three back operations and was unable to return to work after the third surgical procedure).

While, as Norfolk and Post Express state, there are similar cases with lower verdicts, the above cases illustrate the many similar cases where amounts greater than the amount involved in the instant case have been awarded. Although this is a close case, we cannot say that the court abused its discretion in concluding that the award here "fits squarely within the middle range of comparable cases".

We hold that the court properly denied appellants' motions for a remittitur or a new trial.

## III.

To summarize:

We hold that the court properly denied Norfolk's motion for judgment as a matter of law. We also hold that the court did not abuse its discretion in denying the motions of Norfolk and Post Express for a remittitur or a new trial on the ground that the jury's verdict was excessive. We affirm the judgment in all respects.

AFFIRMED.

MANION, Circuit Judge, dissenting in part.

I concur with Parts I and II(A) of the court's opinion and join in the finding of liability against both defendants. However, I respectfully dissent from the court's affirmance in Part II(B) of the district court's decision to let stand the jury's award of $2,300,000.00. I think the award is grossly excessive, and I would remand for a new trial on damages, unless Frazier accepted the entry of a remittitur reducing his award to $1,000,000.00, which in my opinion is at the very high end of what a reasonable jury could justify under the circumstances of this case.

Frazier, a forty-nine-year-old railroad carman, experienced ruptured disks at the L4/L5 and L5/S1 levels of his lower back. He had those two disks removed in a procedure known as a diskectomy. His surgery produced good results. Frazier is not totally disabled. In fact, the permanent disability he now claims is relatively minor. He has not required further medical treatment nor prescription pain medication for his back injuries. He is in good physical health, and his intelligence quotient ("IQ") is in the top one-third of the population. Although Frazier cannot return to his former job as a railroad carman due to weight-lifting restrictions, he is fully capable of work in other areas. Since the accident, he has worked briefly as a security guard. He has declined Norfolk's offer of vocational rehabilitation and possible employment. Of his $2,300,000.00 award, almost seventy-five percent, or $1,750,000.00, involved damages for disability and past and future pain and suffering. This is clearly excessive.

In *Joan W. v. City of Chicago*, 771 F.2d 1020 (7th Cir.1985), we stated that "where the award is not rationally proportionate to awards assessed in *similar cases for injuries that are no different in kind* from those suffered by the plaintiff, then the award is excessive. . . ." *Id.* at 1025 (emphasis added). Notwithstanding the court's descriptions of the FELA cases it considers similar to Frazier's (Majority Op. at 926), those cases indicate that the injuries, when specified, differ in kind from those Frazier suffered. Of the cases the court cites, only *Mendoza v. Norfolk & Western Railway Co.*, No. 862–4824 (St. Louis City, Mo.Cir.Ct. July 2, 1990), involves injuries similar in kind to the ones Frazier sustained. The jury awarded Mendoza $2,275,000.00 for herniated disks at L4/L5 and L5/S1, which were not operated on at the time of trial. (Frazier ruptured the same disks and had an operation.) Mendoza was unable to return to railroad work and entered vocational rehabilitation to gain other employment.

Although there are some similarities between Mendoza's and Frazier's injuries, their award amounts, and their ability to work, the major difference between their situations is their ages. That difference illustrates the excessiveness of Frazier's award. When injured, Mendoza was twenty-eight years old, whereas Frazier was forty-nine years old. All things being equal (which they are not), Mendoza will have to endure his disability and any future pain and suffering twenty-one years longer than will Frazier, and should both men be unable to find suitable employment, Mendoza will be unemployed for a much longer period of time than will Frazier. As such, I conclude that the jury's award to Frazier, of an amount approximately the same as one given a considerably younger man with injuries similar in kind, is grossly excessive.

As the court points out, Norfolk and Post Express have submitted several cases with jury awards lower than the award Frazier received. Based on those cases, the cases the court cites, which include Frazier's submissions, and the evidence as a whole, I

conclude that the maximum appropriate award for Frazier's injuries is $1,000,000.00.

Accordingly, I respectfully dissent from the court's affirmance of the district court's decision to allow the award of damages to stand. I would conclude that the district court abused its discretion, and would remand for a new trial on damages, unless Frazier accepted the entry of a remittitur lowering his award to $1,000,000.00.