*363 OPINION OF THE COURT
Joseph J. Maltese, J.
The issue presented is when shall a collateral source payment hearing in accordance with CPLR 4545 be requested.
Facts
Immediately after the return of the $2.1 million jury verdict* in a medical malpractice action on March 20, 2001, the defense counsel requested time to make a posttrial motion in accordance with CPLR 4404 to set aside the jury verdict. This Court permitted the defense counsel to reduce to writing his posttrial motion and established April 19, 2001 as the return date for such motion.
On April 3, 2001, 14 days after the verdict, the defense served upon the Court and opposing counsel a motion to set aside the verdict against the defendants on the grounds that:
1. The plaintiffs failed to make out a prima facie case against the defendants;
2. The verdict was contrary to the weight of the evidence;
3. The verdict should be reduced or a new damages trial ordered due to the excessive and contrary weight of the evidence; and
4. For such other and further relief as to this Court is just and proper under the circumstances.
On April 11, 2001 the plaintiffs’ counsel served and filed her affirmation in opposition. On the motion return date, April 19, 2001, the defendants’ counsel presented the Court and the plaintiffs’ counsel with written citations to jury verdicts in cases in response to the list attached to plaintiffs’ affirmation concerning the issue of excessiveness of the pain and suffering portions of the judgment.
This Court treated such document as a reply memorandum of law and granted the plaintiffs’ counsel an opportunity to submit a sur-reply memorandum of law, if she desired to, by May 17, 2001. Both counsel agreed in accordance with CPLR 4546 (3) that this “court shall, if warranted by the evidence,” consider whether to reduce the jury award for loss of earnings *364 “by the amount of federal, state and local personal income taxes which the court finds, with reasonable certainty, that the plaintiff would have been obligated by law to pay.”
In addition to the foregoing, on April 19, 2001, the return date of the motion (30 days after the jury verdict) the defense counsel verbally sought a collateral source payment hearing in accordance with CPLR 4545 to reduce that portion of the judgment attributable to past and future loss of earnings from Social Security and any other sources of benefits. The plaintiffs’ counsel objected as this request was untimely and the defense had presented no evidence to this Court of any collateral sources of payment to plaintiffs.
On April 26, 2001 this Court received a faxed letter from defense counsel, which was apparently also faxed to the plaintiffs’ counsel, again requesting a collateral source hearing on May 17, 2001, the adjourned date of the posttrial motion. In his letter counsel commented on the fact that off-the-record discussions between counsel and the Court were conducted in chambers during the preliminary charge conference where the issue of the plaintiffs disability payments were discussed. At that time the Court advised counsel that no discussion of mathematics was to be presented to the jury concerning any reduction of loss of earnings claims due to disability payments or personal income taxes. Indeed the jury charge so reflected that charge conference. Hence, defense counsel reasoned that any discussions of collateral source payments and personal income taxes would be discussed when and if the plaintiffs received a verdict on loss of earnings. While it is true that such a discussion was conducted off the record in chambers, the issue remains when and how should a collateral source payment hearing be formally requested and presented.
Discussion
In order to rule on the timing of the request for the collateral source payment hearing, a review of the statutory framework surrounding CPLR 4545 is in order, together with the case law interpreting same.
CPLR 4405 provides:
“Time and judge before whom post-trial motion made
“A motion under this article shall be made before the judge who presided at the trial within fifteen days after decision, verdict or discharge of the jury. The court shall have no power to grant relief after *365 argument or submission of an appeal from the final judgment.”
CPLR 4406 provides:
“Single post-trial motion
“In addition to motions made orally immediately after decision, verdict or discharge of the jury, there shall be only one motion under this article with respect to any decision by a court, or to a verdict on issues triable of right by a jury; and each party shall raise by the motion or by demand under rule 2215 every ground for post-trial relief then available to him.”
While the defendants’ written posttrial motion made 14 days after the jury verdict is timely under CPLR 4405, it only addresses the issue of an excessive award for pain and suffering. The issue remains whether the on-the-record verbal request for a collateral source payment hearing made 30 days after the verdict on the return date of the posttrial motion is timely. In addition, the Court will review impact of the “off-the-record” comments that disability payments and income taxes would be considered after a verdict on loss of earnings.
Clearly the on-the-record verbal request for the hearing is beyond the 15 days prescribed in CPLR 4405 and was not included in the timely written posttrial motion in violation of the “single post-trial motion” rule of CPLR 4406.
The plaintiffs oppose any extension of time to request the collateral source payment hearing on the grounds that it was never included in the posttrial motion and is now untimely. The plaintiffs’ counsel contends that such tardiness constitutes a waiver of the collateral source payment provisions of CPLR 4545.
Plaintiffs’ counsel also points out that interest on the verdict shall be recoverable from the date the verdict was rendered (CPLR 5002). This, she infers, is a reason why any applications to reduce the award of the jury verdict shall be made as part of the single posttrial motion within 15 days of the verdict.
Failure to make a request for a collateral source payment hearing will waive that issue (Virkler v Shockney, 178 AD2d 966 [4th Dept 1991]). The Third Department in Faas v State of New York (249 AD2d 731, 733 [3d Dept 1998]) held that:
“CPLR 4545 (c) must be narrowly construed insomuch as it derogates the common-law rule that collateral source payments should not be deducted *366 from an award of damages (see, Oden v Chemung County Indus. Dev. Agency, 87 NY2d 81, 86; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a]). Notably, the defendant bears the burden of proof with regard to evidence of collateral source payments (see, Adamy v Ziriakus, 231 AD2d 80, 86, lv granted 91 NY2d 805 [affd 92 NY2d 396 (1998)]).”
For a discussion of the collateral source payment rule, see this Court’s decision in Giventer v Rementeria (184 Misc 2d 744 [Sup Ct, Richmond County 2000]).
When a defendant does not introduce evidence of collateral source payments, the defendant waives his or her objection to a possible duplicative award for loss of earnings; hence it is proper for a court not to reduce the award (Hill v Muchow, 178 AD2d 954 [4th Dept 1991]; Damiano v Exide Corp., 970 F Supp 222 [SD NY 1997]).
The Appellate Division, Second Department, has also held that the “failure to timely request a collateral source hearing constituted a waiver of [the] right to seek an offset for collateral source payments” (Ventriglio v Active Airport Serv., 257 AD2d 657, 657-658 [2d Dept 1999], citing Hill, supra).
Conclusion
In order to add finality to jury verdicts so that they may be converted into judgments from which to pay or appeal, the single posttrial motion rule of CPLR 4406, coupled with CPLR 4405, that such posttrial motions shall be made within 15 days of the jury verdict, are sound rules. Such posttrial motions should include all forms of relief requested, including a request for a collateral source payment hearing.
The burden of proof in a collateral source payment hearing is on the defendants who seek the setoff. Discovery of collateral sources of payment is not to be done after a jury verdict — it is to be done in pretrial discovery or it may be elicited at trial, unless it is clearly established pretrial or during the trial that any applicable collateral sources of payments will be addressed in a posttrial hearing as soon after the trial as is practical to the court. In any event, the burden of proof rests with the defendant who should not commence discovery of such matters after the trial, but should be prepared to proceed on such request immediately after a verdict is rendered and certainly prior to the entry of a judgment. Hence, any application for a setoff utilizing a collateral source of payments must be either requested verbally immediately after the jury renders a verdict *367 which includes loss of earnings, or as part of the written single posttrial motion contemplated by CPLR 4406 which shall be made within 15 days of the jury verdict in accordance with CPLR 4405.
In this case, the defense counsel seeks leave to amend his posttrial motion to include a demonstration of collateral sources of payments which may be utilized as a setoff from the loss of earnings portion of the judgment.
This Court advised counsel in chambers during the trial that all discussions of mathematical adjustments to include reductions for collateral sources of payments and personal income tax would be conducted posttrial. However, it is the defense attorney’s obligation to memorialize that request on the record immediately after trial or within 15 days in writing as part of a single posttrial motion, rather than await the court to institute such a hearing on its own initiative.
Since the posttrial motion has been adjourned to allow the plaintiffs to submit a reply memorandum concerning the excessiveness of the pain and suffering award and since both parties are submitting income tax information as a potential setoff on that same date and since interest on any final judgment will be calculated from the date of verdict, the plaintiffs will not be prejudiced beyond that which was contemplated by the enactment of the collateral source payment rule in CPLR 4545 by allowing the defendants to present their proofs of collateral source payments made to the plaintiffs.
Accordingly, the defendants’ oral motion to amend their post-trial motion to include proofs of collateral source payments is granted. All proofs of collateral sources of payments shall be submitted by the defendants by May 10, 2001. The plaintiffs may respond to same by May 17, 2001. In addition, the parties shall present supplemental papers and affidavits of accountants or other tax experts dealing with the issue of reducing the amount of lost wages awarded by the jury verdict by federal, state and local personal income taxes that the plaintiffs would have been obligated by law to pay by May 17, 2001.

 The jury rendered a verdict for the plaintiffs against the defendants and awarded: past pain and suffering $500,000; total future pain and suffering $870,000 over 5.7 years; past loss of earnings $260,000; future loss of earnings $370,000; loss of services to the plaintiff wife $100,000, totaling $2,100,000.