**Michael BRANDON, M.D.,
Plaintiff–Appellee,**

v.

**ANESTHESIA & PAIN MANAGE-
MENT ASSOCIATES, LTD.,
Defendant–Appellant.**

No. 02–3479.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 13, 2003.[1]

Decided March 27, 2003.

argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App P. 34(a)(2).

Before WOOD, Jr., DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

In plaintiff Michael Brandon's prior appeal before this Court, we reversed the district court's grant of judgment as a matter of law in favor of defendant Anesthesia & Pain Management Associates (APMA), and remanded the case for reinstatement of the jury verdict and a separate jury trial on punitive damages. See 277 F.3d 936, 947 (7th Cir.2002) (*"Brandon I"*). On remand, the district court vacated its May 9, 2000, judgment in favor of defendant APMA, reinstated the jury verdict, and set a jury trial on punitive damages for April 23, 2002. On April 12, 2002, APMA for the first time filed a motion for a new trial pursuant to FED R. CIV. P. 59. The district court denied this motion on the basis that it was untimely, and in the alternative, held that the law of the case required that the motion be denied. The trial on punitive damages went forward, and the jury delivered a verdict in favor of Brandon for $495,000. In this successive appeal, we agree with the district court that APMA's motion for a new trial was

untimely, and affirm the full amount of punitive damages awarded to Brandon.

Rule 59 requires that any motion for a new trial must be filed "no later than 10 days after the judgment." FED R. CIV. P. 59(b). This language, standing alone, might present somewhat of a dilemma for parties prevailing on a renewed, post-verdict motion for judgment as a matter of law (JML) under Rule 50. Generally, a party that prevailed on a motion for JML would not want a motion for a new trial to be considered unless the appellate court disagreed with the district court and reversed the district court's grant of JML. To address this situation, Rule 50 further provides:

> If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered.

FED R. CIV.P. 50(c). Thus, in addition to a renewed motion for JML under Rule 50, parties also have the option of filing a motion for a new trial under Rule 59 in the alternative. See FED R. CIV. P. 50(b); see, e.g., *Houben v. Telular Corp.*, 309 F.3d 1028, 1029 (7th Cir.2002). Under Rule 50(c), any grant of a new trial motion would be conditional, depending on the ultimate disposition of the JML motion. By filing both the JML and new trial motions for the district court's consideration (as well as ours), the moving party is able to satisfy the timeliness requirement of Rule 59, while risking nothing if she were to ultimately prevail on the motion for JML. FED R. CIV. P. 50(c). Filing both motions also promotes judicial economy by preventing piecemeal litigation of the sort that is threatened here. See *Arenson v. Southern Univ. Law Center*, 43 F.3d 194, 196–98 (5th Cir.1995).

■ In this case, defendant APMA filed a renewed motion for JML under Rule 50, but it did not file a motion for a new trial under Rule 59 within ten days of the district court's grant of JML. It was not until April 12, 2002—nearly two years after the district court granted JML in favor of APMA—that APMA filed a motion for a new trial under Rule 59. Because APMA did not file a motion for a new trial within ten days of the entry of the judgment, the motion is untimely and waived. *Id.* at 198; *Henderson v. DeRobertis*, 940 F.2d 1055, 1056 n. 1 (7th Cir.1991) ("As we have said before, where the motion for a new trial is not pressed on the trial court after the grant of JNOV, it is abandoned."); *Oberman v. Dun & Bradstreet, Inc.*, 507 F.2d 349, 353 (7th Cir.1974) (same). On this basis, we affirm the district court's denial of APMA's new trial motion and move on to the issue of punitive damages, which fares no better.

■ On remand, the district court reinstated the jury verdict, awarding Brandon $1,034,000 for compensatory damages and $1,000,000 for pain and suffering. Pursuant to our instructions, a second jury separately tried the issue of punitive damages and returned a verdict of $495,000 in Brandon's favor. The district court entered judgment in this amount, and APMA subsequently moved for a new trial or remittitur on grounds that the punitive damages award was excessive and that the court erred in excluding evidence of Brandon's alleged poor job performance. The dis-

trict court, which may vacate a jury's verdict for excessiveness only if it determines that "the award was monstrously excessive or that there was no rational connection between the evidence on damages and the verdict denied this motion," denied APMA's motion. *Frazier v. Norfolk & Western Ry. Co.*, 996 F.2d 922, 925 (7th Cir.1993) (citations and internal quotations omitted). Our review of the district court's refusal to order a new trial or remittitur is governed by an "extremely limited" abuse of discretion standard. *Id.*

Generally, the amount of punitive damages awarded to a plaintiff is a matter reserved for the discretion of the jury, and the court may reduce the award only when it is "clearly excessive." *West v. Western Cas. & Sur. Co.*, 846 F.2d 387, 399 (7th Cir.1988). Defendant bears the burden of establishing that an award is clearly excessive. *Id.* at 400. Under Illinois law, which governs this diversity case, three factors are especially relevant: (1) the nature and enormity of the wrong; (2) the financial status of the defendant; and (3) the potential liability of the defendant resulting from multiple claims. See *Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1189 (7th Cir. 1992). These factors are not exclusive, however, and we must analyze the specific circumstances of each case. *Id.*

APMA argues that under our decision in *Stafford v. Puro*, 63 F.3d 1436 (7th Cir. 1995), any award greater than one percent of the defendant's net worth is excessive. Because APMA presented testimony that its net worth was only approximately $45,000, it argues that a punitive damages award of $495,000 is clearly excessive. We disagree with APMA's reading of *Stafford*, which did not assess punitive damages according to a one-percent net-worth rule. Illinois courts have emphasized that "financial status is but one factor for the jury to consider," *Ford v. Herman*, 316 Ill.

App.3d 726, 249 Ill.Dec. 942, 737 N.E.2d 332, 339 (2000), and we followed that rule in *Stafford*. There, we looked at the totality of circumstances, including the financial status of the defendant, the nature and enormity of the wrong, and the potential liability of the defendant resulting from multiple claims. 63 F.3d at 1445. Because we found uncontradicted the fact that the defendant had few or no assets, that the jury had relied on impermissible considerations in determining the nature and enormity of the wrong, and that the district court judge himself concluded that the amount seemed high, we reduced the punitive damages award from $500,000 to $250,000. *Id.* The situation here is different: this jury heard conflicting testimony about APMA's financial status, indicating that APMA was worth far more than it contended. The jury was free to discredit APMA's self-serving testimony regarding its financial status. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Moreover, APMA does not allege any jury error, and as we found in *Brandon I*, there was sufficient evidence of the egregiousness of defendant's offense for the jury to credit. 277 F.3d at 946. APMA further does not allege any potential liability of the defendant resulting from multiple claims. Viewing these factors together, the district court did not find that the award of $495,000 was clearly excessive. Under our deferential standard of review, we find no abuse of discretion.

■ Finally, APMA challenges the punitive damages award on grounds that the district court improperly excluded evidence regarding Brandon's alleged poor performance in order to show that APMA had legitimate reasons for firing Brandon. We disagree. The district court correctly reasoned that the first jury had already concluded that Brandon was fired for com-

plaining about the shareholders' fraudulent billing practices, and not because of his alleged performance, *Brandon I,* 277 F.3d at 940, which the first jury could reasonably have believed was pretextual. Thus the issue on remand was not liability, which the first jury had already concluded in Brandon's favor, but whether APMA's conduct was so "intentional, deliberate and outrageous" that an award of punitive damages could be supported. *Id.* at 946 (citing *Cornell v. Langland,* 109 Ill.App.3d 472, 65 Ill.Dec. 130, 440 N.E.2d 985, 987 (1982)). The district court found that the introduction of evidence of Brandon's alleged work performance would allow the defendant to re-litigate the issue of liability, and so it conditionally excluded this evidence on plaintiff's motion *in limine.* If the plaintiff made Brandon's performance an issue at trial, the district court was prepared to allow APMA to bring in evidence of Brandon's poor performance. We review evidentiary rulings for an abuse of discretion, *Bradley v. Work,* 154 F.3d 704, 708–09 (7th Cir.1998), and find no abuse here. The findings of the first jury are generally not to be reexamined by another. See *In re Rhone–Poulenc Rorer, Inc.,* 51 F.3d 1293, 1303 (7th Cir.1995). Furthermore, APMA's argument fails to demonstrate prejudice because on cross examination, the district court did allow APMA to raise some doubt about Brandon's work performance. Harmless errors are not grounds for ordering a new trial or remittitur. See *Collins v. Kibort,* 143 F.3d 331, 339 (7th Cir.1998).

The judgment of the district court is AFFIRMED.