Joseph F. Hawkins, J.
The most recent communication from plaintiffs’ attorney advised that there now remain for determination two motions. The first, by plaintiffs, is to "strike” the third-party complaint interposed by the defendant, which motion has been referred to me by Mr. Justice *1003 Grady. The second, by defendant, is to amend his answer so as to plead as an affirmative defense the injured plaintiffs failure to have been using the seat belt at the time of the accident — the so-called "seat belt defense.”
The accident herein occurred on October 29, 1972. The action was commenced on April 30, 1973. In opposition to the first said motion, plaintiffs urge that the laches by defendant bars granting the motion; further, that it is brought merely to delay the adjourned inquest. I see no reason to consider the merits of the third-party complaint; nor does it necessarily require further delaying the inquest particularly since the defendant’s appeal from Judge Wood's order granting summary judgment and ordering the inquest has now been withdrawn. Under the unusual circumstances here present, plaintiffs’ motion is granted solely to the extent of severing the cause of action pleaded in the third-party complaint in which no relief is sought as against the plaintiffs in the action in main.
In considering the motion by the defendant, I find that upon my reading of Spier v Barker (35 NY2d 444) that the plaintiffs’ position is well-taken. The so-called "seat belt defense” need not be pleaded affirmatively, i.e., as an affirmative defense, but as stated by the Court of Appeals (pp 449-450): "We today hold that nonuse of an available seat belt, and expert testimony in regard thereto, is a factor which the jury may consider, in light of all the other facts received in evidence, in arriving at its determination as to whether the plaintiff has exercised due care, not only to avoid injury to himself, but to mitigate any injury he would likely sustain. (Mount v McClellan, 91 Ill App 2d 1).”
The opinion speaks (p 450) of "the burden of pleading and proving that non-use” is upon the defendant for if the testimony so indicates, it would require a charge by the court that under those circumstances the jury may find the plaintiff "acted unreasonably and in disregard to his own best interests, and, thus, should not be permitted to recover damages for those injuries which a seat belt would have obviated (see Kirsher, Seat Belt Defense — State of the Law, 53 Marq. L. Rev. 172, 173).”
I find nothing in Spier v Barker (supra) expressly requiring that the "seat belt defense” must be pleaded affirmatively and as an affirmative defense for defendant by cross-examination or otherwise may introduce testimony as to such fact, and if *1004 the other criteria set forth in Spier are satisfied for the issue to be submitted to the jury. It appears in many ways to be akin to defendant being able to cross-examine and to introduce testimony as to plaintiffs’ contributory negligence without having pleaded such defense affirmatively.
Accordingly, the defendant’s motion is denied as unnecessary. The matter is set down for inquest, as we previously directed, for the first available date of the April Trial Term Calendar, subject to the disposition of the Justice presiding and upon due notification to the Calendar Clerk.
Submit separate orders on notice.