■ SADIE DAVIS, Respondent, v HENRY DAVIS, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff sued defendant for damages arising out of an automobile accident. Prior to trial defendant moved at Special Term for leave to amend his answer to include an affirmative seat belt defense based upon *Spier v Barker* (35 NY2d 444) which sanctioned the use of seat belt evidence on the issue of damages. Special Term properly denied the motion. CPLR 3025 (subd [b]) provides that leave shall be freely given unless prejudice and unfair advantage will result (see, e.g., *Leutloff v Leutloff*, 47 Misc 2d 458). However, since neither the car itself nor photographs of its interior were available to the plaintiff, any attempt by plaintiff to refute defendant's testimony on the ground that the seat belts were not in good working order, or were not properly installed or worn *(Spier v Barker, supra,* p 452) would be hindered by plaintiff's inability to examine the physical evidence. Absent this affirmative pleading, submission of proof as to the availability and nonuse of seat belts was properly denied at trial. "A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading". (CPLR 3018, subd [b].) Under this section, partial defenses and matters that tend to mitigate damages must be pleaded affirmatively (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3018.17). The *Spier* decision specifically provides that "the burden of pleading and proving that nonuse [of seat belts] by the plaintiff resulted in increasing the extent of his injuries and damages, rests upon the defendant." (35 NY2d 444, 450.) The defendant was required affirmatively to plead this issue in his answer before he could submit proof of it at trial. As of the date of trial, the defendant had only pleaded a general denial and, based upon that pleading, the trial court was correct in excluding evidence of seat belts. (Appeal from judgment of Erie Supreme Court in automobile negligence action.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.