**Elihu BRODVIN and Shirley Brodvin, Plaintiffs,**

v.

**The HERTZ CORPORATION and Chrysler Corporation, Defendants.**

**No. 74 Civ. 4621 (CHT).**

United States District Court, S. D. New York.

May 5, 1980.

---

Lipsig, Sullivan, Mollen & Liapakis, P.C., New York City, for plaintiffs; Harvey R. Brown, New York City, of counsel.

Stanley Roth, New York City, for defendant Hertz Corp.; Richard P. McArthur, of counsel.

## OPINION

TENNEY, District Judge.

This diversity action arose out of an automobile accident that occurred in New York on October 15, 1973. While driving an automobile manufactured by Chrysler Corporation ("Chrysler"), which is no longer a defendant in this action,[1] and owned by defendant Hertz Corporation ("Hertz"), plaintiff Elihu Brodvin collided with the vehicle in front of him. The complaint, filed on October 21, 1974, alleged that the accident and Brodvin's injuries resulted from the defendants' negligence in manufacturing, maintaining, and leasing a dangerously defective automobile. Hertz's answer, served on November 14, 1974, asserted as an affirmative defense that the accident and damages were "caused or contributed to by the negligence or want of care" of the plaintiff. Chrysler's answer alleged a similar affirmative defense. The action was referred to Magistrate Martin D. Jacobs to resolve discovery disputes and expedite the proceedings. The fairly extensive discovery conducted in this action included interrogatories, depositions, and document production.

By motion dated March 13, 1980, defendant Hertz seeks to amend its answer. The proposed amended answer differs from the original only in the addition of a second affirmative defense. This new defense states "[t]hat any injuries and damages plaintiff suffered from the incident alleged in the complaint resulted from his failure to use an available seat belt." Hertz's attorney states that "[a]t the time the original answer was served it was thought that the affirmative defense that was then asserted—that of the plaintiff's culpable conduct—would suffice to allow an issue to be raised on trial of plaintiff's failure to use a seat belt." Affirmation of Richard P. McArthur, dated March 12, 1980. While the defendant contends that this is still correct, it has decided to seek to amend its answer "to remove all doubt." *Id.*

The plaintiff opposes this motion on the grounds that: (1) the newly asserted defense is unsupported by the factual record compiled in the case; (2) the defendant's moving papers are inadequate; and (3) inclusion of the defense at this point in the litigation would prejudice the plaintiff.

For the reasons given below, the motion is denied.

---

1. Pursuant to a Stipulation and Order entered December 27, 1979, the plaintiffs' claims against Chrysler have been discontinued.

▮ Both parties apparently agree that New York law governs the seat belt defense issue in this diversity action. In December 1974, the New York Court of Appeals held that nonuse of an available seat belt, and expert testimony regarding such nonuse, can be considered by a jury in determining whether the plaintiff in an accident case exercised due care to avoid or mitigate injury to himself. *Spier v. Barker*, 35 N.Y.2d 444, 457, 363 N.Y.S.2d 916, 920, 323 N.E.2d 164, 167 (1974). Such evidence cannot be considered in determining liability; it pertains only to the question of damages. *Id.* The court also stated:

> Moreover, the burden of pleading and proving that nonuse thereof by the plaintiff resulted in increasing the extent of his injuries and damages, rests upon the defendant. That is to say, the issue should not be submitted to the jury unless the defendant can demonstrate, by competent evidence, a causal connection between the plaintiff's nonuse of an available seat belt and the injuries and damages sustained  . . . .

*Id.*

▮ Defendant's motion would be unnecessary if the sole affirmative defense asserted in the original answer—that the plaintiff's own negligence caused his accident and injuries—were sufficient to raise the seat belt issue. If the defense must be specifically asserted, an amended answer is required for the defendant to introduce evidence at trial and argue this particular defense before the jury. *Ensign v. Klekosky*, 25 Misc.2d 536, 208 N.Y.S.2d 490 (Sup.Ct. 1959), *aff'd*, 12 A.D.2d 680, 210 N.Y.S.2d 501 (3d Dep't 1960); N.Y.Civ.Prac.Law § 3018(b) (McKinney 1974). The Court concludes that no proof on this issue can be introduced absent an affirmative allegation in the pleadings.

Section 3018(b) of the New York Civil Practice Law and Rules, entitled "Affirmative defenses," states in part that "[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading . . . ." In *Davis v. Davis*, 49 A.D.2d 1024, 374 N.Y.S.2d 482 (4th Dep't 1975), the court held that the defendant could not submit proof on the plaintiff's nonuse of a seat belt because he had not specifically included the defense in his answer. According to the *Davis* court, section 3018(b) requires that partial defenses and matters that tend to mitigate damages must be pleaded affirmatively. See 3 Weinstein, Korn and Miller, N.Y.Civ.Prac. ¶ 3018.17 (1977). In *Spier*, the New York Court of Appeals stated that the defendant bears the burden of "pleading and proving" that the nonuse of seat belts by the plaintiff increased his injuries and damages. Relying on *Spier*, the *Davis* court concluded that this defense must be expressly alleged in the answer in order for the defendant to raise the issue at trial.

This same conclusion appears to have been reached by the Second Department in *Wardlaw v. Ford Marketing Corp.*, 53 A.D.2d 610, 384 N.Y.S.2d 17 (2d Dep't 1976), although the court did not address the issue directly. The defendants in *Wardlaw* were granted leave to amend their answer to add a seat belt defense because the court concluded that the plaintiff would not be prejudiced by the amendment. Implicit in this ruling is the assumption that the seat belt defense must be pleaded affirmatively for the defendant to submit proof on the issue.

Before *Davis* and *Wardlaw* were decided, one lower court arrived at a result contrary to those decisions. In *De Vall v. Hawkins*, 370 N.Y.S.2d 773 (Sup.Ct.1975), the court held that the seat belt defense need not be pleaded affirmatively for the defendant to introduce evidence and submit the issue to the jury. This opinion is inconsistent with the two appellate decisions discussed above and its reasoning is less sound. Therefore, it will not be followed by this Court.

Neither the *Davis* nor the *Wardlaw* opinion discussed whether the defendant in each case, like the defendant here, had originally asserted a general affirmative defense relying on the plaintiff's own negligence. Given the usual practice in automobile accident cases, it is likely that such a defense was

included in the first answer served in those actions, as it was in the case at bar. If so, the courts in *Davis* and *Wardlaw* apparently decided that such a generalized allegation was insufficient to raise the seat belt defense. This Court, however, does not rely merely on conjecture concerning the facts of prior cases. Adopting the view that the seat belt defense must be plead affirmatively, the Court concludes that a broad allegation concerning the plaintiff's own negligence is not a sufficient statement of the defense.

Having concluded that the seat belt defense must be specifically pleaded, the Court now considers whether the defendant should be permitted to amend its answer to include this affirmative defense. Federal Rule of Civil Procedure ("Rule") 15(a) provides that "leave [to amend] shall be freely given when justice so requires." While the Rule vests broad discretion in the trial court, an amendment cannot be allowed if it would prejudice another party. *Ricciuti v. Voltarc Tubes, Inc.*, 277 F.2d 809, 814 (2d Cir. 1960); *Manhattan Fuel Co. v. New England Petroleum Corp.*, 422 F.Supp. 797, 802 (S.D.N.Y.1976).

Mr. Brodvin contends that he will be "extremely prejudiced" if leave to amend is granted. His attorney states:

> An affirmative defense such as the "seat belt defense," mandates further discovery on the part of the plaintiff, including but not limited to depositions of the experts retained by the defendant as well as the documents upon which they rely to support their contention. Furthermore, the plaintiff is now placed in the position of seeking an expert to rebut these allegations of the defendant. This will necessitate further time and expense.

Affidavit of Harvey R. Brown, sworn to April 5, 1980.

The Court finds these arguments persuasive. At this late stage in the litigation, it would be unfair to ask the plaintiffs to expend the time, money, and legal resources necessary to respond to the defendant's proposed seat belt defense. The accident occurred almost seven years ago and discovery went forward for quite some time after this suit was commenced and before this motion was made. It is likely that evidence or testimony relevant to this issue has not been preserved. Defendant's answer was served in November 1974, one month before the New York Court of Appeals *Spier* decision established the availability of a seat belt defense in these types of actions. More than five years later, the defendant sought to interpose this defense. The Court has not been apprised of any new facts or evidence that came to light during discovery that warrant the delayed inclusion of this defense, in view of the resulting prejudice to the plaintiffs. In a deposition taken on August 21, 1975, the plaintiff Elihu Brodvin stated that he was wearing his seat belt when the accident occurred. While this statement certainly does not prove the point, it did put the defendant on notice that the plaintiff would seek to refute any contrary assertion.

A denial of Hertz's motion is consistent with the decisions reached by the courts in *Davis* and *Wardlaw*. The appellate court in *Davis* refused to allow the defendant to amend his answer to add a seat belt defense on the ground that the plaintiff would be unfairly prejudiced. According to the court, because neither the automobile nor photographs were available to the plaintiff, she could not effectively refute defendant's testimony by arguing that the seat belts were defective. The *Wardlaw* court allowed an amended answer asserting the defense because the amendment was sought only five months after *Spier* was decided and no prejudice would result to the plaintiff. In both cases the courts were concerned about problems of proof, the availability of evidence, and the amount of time that had passed before the motion to amend was made.

In sum, the Court concludes that the seat belt defense must be pleaded affirmatively for the defendant to submit proof on the issue at trial. The defendant's motion to amend its answer to assert this defense is denied because such an amendment would unfairly prejudice the plaintiff in this action.

So ordered.