■ WILLIAM M. GRACZYK, Appellant, v SANDRA E. WHITE et al., Respondents.—Order modified, in the exercise of discretion, to provide that the granting of defendants' motion be conditioned upon defendants paying to plaintiff $500 in view of the costs and inconvenience incident to the delay and that plaintiff be allowed a continuance for additional preparation (CPLR 3025 [b]), and, as modified, affirmed, without costs.

All concur, except Callahan, J., who dissents and votes to reverse and deny the motion in the following memorandum.

Callahan, J. (dissenting). While leave to amend a pleading should be freely granted (CPLR 3025 [b]), it is palpably improper to grant leave where prejudice or surprise directly results from the delay (Fahey v County of Ontario, 44 NY2d 934; Barnes v County of Nassau, 108 AD2d 50, 52). " 'Mere

lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959). In a similar factual situation, we found granting defendant's motion to amend its answer on the eve of trial to assert an affirmative seat belt defense would be an improvident exercise of the court's discretion (*see, Davis v Davis*, 49 AD2d 1024). Issue was joined in this action on February 1, 1982 and the note of issue and statement of readiness have been filed since September 30, 1982. At the examination before trial held on May 17, 1982, plaintiff testified that he was not wearing a seat belt at the time of the accident, although his vehicle was equipped with seat belts. It is apparent from the record that defendants have had an expert's opinion relative to the seat belt defense and waited until the eve of trial to make a motion to amend their answer to assert the affirmative seat belt defense. "[S]ince neither the car itself nor photographs of its interior were available to the plaintiff, any attempt by plaintiff to refute defendant's testimony on the ground that the seat belts were not in good working order, or were not properly installed or worn (*Spier v Barker* [35 NY2d 444], 452) would be hindered by plaintiff's inability to examine the physical evidence." (*Davis v Davis, supra.*) At this late stage in the litigation, it would be prejudicial and unfair to ask the plaintiff to expend the time, money and legal resources necessary to respond to defendant's proposed seat belt defense (*see, Brodvin v Hertz Corp.*, 487 F Supp 1336, 1339). (Appeal from order of Supreme Court, Erie County, Kuszynski, J.—amend answer.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.