■ CARTWRIGHT VAN LINES, INC., Appellant, v BARCLAYS BANK OF NEW YORK, Respondent. (And a Third-Party Action.) —In an action to recover damages based on the defendant bank's alleged wrongful cashing of checks payable to the plaintiff, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated August 6, 1984, as, after a nonjury trial, granted the defendant a setoff against the judgment in the amount of $43,036.50.

Judgment affirmed, with costs.

The defendant Barclays Bank of New York (hereinafter Barclays Bank) permitted the third-party defendant Connecticut Marketing and Investment Company (hereinafter CMI) to deposit checks made payable to the plaintiff Cartwright Van Lines into a CMI bank account. The checks were indorsed "Cartwright Van Lines, Inc., For Deposit Only, Connecticut Marketing Investors", or some variation thereof.

CMI had entered into an agency agreement with the plaintiff, Cartwright Van Lines, Inc. (hereinafter Cartwright), which agreement was purportedly modified by a subsequent memorandum. Barclays Bank relied on this memorandum as evidence of CMI's authority to indorse and deposit checks on Cartwright's behalf. The trial court found that Barclays Bank could not rely upon the memorandum, and was therefore liable to Cartwright for conversion. However, since the agency agreement provided that CMI was entitled to 87% of the amount remitted to Cartwright, the court reduced the judgment by that amount.

We affirm.

UCC 3-419 (2) provides that the measure of liability which may be imposed upon a depositary bank when it cashes a check over a forged indorsement is *presumed* to be the face amount of the instrument converted. "Evidence is admissible to show that for any reason such as insolvency or the existence of a defense the obligation is in fact worth less" (UCC 3-419 Comment 4). One of the defenses available to the depositary bank is that the plaintiff is not entitled to all of the proceeds of the check *(see, Tette v Marine Midland Bank,* 78 AD2d 383, *appeal dismissed* 54 NY2d 681; *Hillsley v State Bank,* 24 AD2d 28, *affd* 18 NY2d 952).

At bar, Cartwright was entitled to only 13% of the proceeds of the checks. Thus, Barclays Bank had a viable defense that Cartwright did not suffer any damages with respect to 87% of the face value of the checks, because CMI was entitled to that money. Although Barclays Bank failed to affirmatively plead this defense, pursuant to CPLR 3025 (c) "this court may, *sua sponte,* relieve defendant of its failure to amend its pleadings by deeming the answer amended to conform to the evidence presented at trial, absent a showing of prejudice to plaintiff" *(Smirlock Realty Corp. v Title Guar. Co.,* 97 AD2d 208, 236; *see also, Harbor Assoc. v Asheroff,* 35 AD2d 667). The prejudice to Cartwright is insufficient to preclude amendment of the pleadings. Accordingly, we conclude that the trial court did not err in permitting Barclays Bank to assert CMI's set-off claim on its behalf.

We have examined Cartwright's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.