■ STELLA E. BAILEY, Individually and as Executrix of the Estate of JOHN H. BAILEY, SR., Deceased, Respondent, v STATE OF NEW YORK, Appellant. [606 NYS2d 362] —Weiss, P. J. Appeal from a judgment in favor of claimant, entered March 16, 1992, upon a decision of the Court of Claims (Lyons, J.).

The State has limited its contention on this appeal to the single issue of the effect of the common-law collateral source rule on claimant's medical expense claims. Some of the bills for medical services rendered to claimant's deceased husband were paid by the Medicare insurance program. The commencement of this action predates the June 28, 1986 effective date of CPLR 4545 (c) (see, L 1986, ch 220, §§ 36, 46; Scalone v Phelps Mem. Hosp. Ctr., 184 AD2d 65, 74), the statutory collateral source rule.

Because the State's appeal fails to meet the following threshold issues, the judgment of the Court of Claims must be affirmed. The State's posttrial motion pursuant to CPLR 4404 was denied, inter alia, upon the ground of unexplained untimeliness, a controlling preliminary issue which has not been addressed on this appeal. Accordingly, to the extent that the order denying the State's motion to apply the common-law collateral source rule has been appealed,* the order must be affirmed and the motion papers therewith deemed not properly part of the record on appeal of the judgment after trial.

The State's contention that it was improperly precluded from inquiry concerning the collateral source issue is belied by the record. Contrary to the State's contention in its brief, claimant's objection to that line of questioning was overruled. Notwithstanding the opportunity afforded, the State failed to avail itself of either further inquiry after determining that Medicare paid some of the medical expenses or to comply with the Court of Claims' invitation to formally address the collateral source issue in writing. Relying upon the participation of Medicare in the payment of some of claimant's medical expenses and surmising that Medicare may have compromised some of those bills, the State belatedly now contends that the

---

* The record of appeal contains the motion papers; however, the notice of appeal, which was timely filed, is not in the record.

common-law collateral source rule should apply. We find that the issue was not preserved for appeal. The record is bereft of any discussion of the common-law collateral source rule or any proof that the deceased's Medicare insurance should be treated as a common-law collateral source (see, Kish v Board of Educ., 76 NY2d 379, 383-384; Matter of McKay v Town of W. Seneca, 51 AD2d 373, 377-378 [Mahoney, J., dissenting], revd on dissenting opn below 41 NY2d 931; Seward v Northrup, 123 Misc 2d 420, 422).

Cardona, White, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.