■ In the Matter of TOWN OF SOUTHAMPTON, Respondent; CECIL BILL et al., Appellants. [633 NYS2d 179] —In an eminent domain proceeding, the claimants appeal, (1) on the ground of inadequacy, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Stark, J.), dated March 30, 1993, which, after a nonjury trial, is in favor of them and against the Town of Southampton in the principal sum of only $28,000, and (2) from an order and judgment (one paper) of the same court entered January 5, 1994, which, upon granting the Town of Southampton's motion pursuant to EDPL 304 (H), is in favor of the Town of Southampton and against them in the principal sum of $194,335.

Ordered that the order and judgment dated March 30, 1993, is affirmed insofar as appealed from; and it is further,

Ordered, that the order and judgment entered January 5, 1994, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

In affidavits and in testimony, the appellant Richard Pellicane adopted the position prior to trial that he was the owner of an interest in the subject property so as to induce the Town of Southampton (hereinafter the Town) to make an advance payment to him as though he were in fact a condemnee. He is now equitably estopped from adopting an inconsistent position, and from denying his status of a condemnee to the detriment of the Town *(see generally, Rosenthal v Reliance Ins. Co.,* 25 AD2d 860, *affd* 19 NY2d 712; *Chatauqua County Fedn. of Sportsmens Club v Caflisch,* 15 AD2d 260; 57 NY Jur 2d, Estoppel, § 48; *see also, Lanzano v City of New York,* 202 AD2d 378, 380; *Donovan Leisure Newton & Irvine v Zion,* 168 AD2d 373; *Neumann v Metropolitan Med. Group,* 153 AD2d 888, 889; *Borillo v Beekman Downtown Hosp.,* 146 AD2d 734, 736; *Karasik v Bird,* 104 AD2d 758).

We have examined the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.