■ TRI-COUNTY MEDICAL GROUP, P. C., et al., Respondents, v MICHELE FINGERMAN, Individually and as Executrix of ALAN FINGERMAN, Deceased, Appellant. [640 NYS2d 751] —Order, Supreme Court, Queens County (Sol Dunkin, J.), entered April 27, 1994, which set down the issue of a credit for a hearing, and order of the same court and Justice entered January 5, 1995, which, after a hearing, granted plaintiffs a credit of $27,164.93 against an amended judgment in favor of defendant and against plaintiffs entered November 23, 1993, to be applied to the last five of a series of promissory notes payable by plaintiffs, unanimously affirmed, without costs.

Although plaintiffs first raised their claim of an offset in a motion to vacate the money judgment of June 23, 1993, the IAS Court did not improvidently exercise its discretion in considering the issue (*see, Smirlock Realty Corp. v Title Guar. Co.*, 97 AD2d 208, 236, *mod on other grounds* 63 NY2d 955). We note that the application of the doctrine of judicial estoppel was not required on these facts (*cf., Matter of Town of Southampton [Bill]*, 220 AD2d 752) and that within the four corners of the agreement, there is no language limiting offsets (*cf., Teitelbaum Holdings v Gold*, 48 NY2d 51, 56). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.