**Donna DiPIRRO and Dennis DiPirro, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 96–CV–94H.**

United States District Court,
W.D. New York.

April 28, 1998.

David J. Sleight, Buffalo, NY, for Plaintiffs.

Mary Pat Fleming, United States Attorney's Office, Buffalo, NY, for Defendants.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c). Pending for decision is defendant's motion to amend its answer to assert a seatbelt defense (Item 39). For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Plaintiffs commenced this action on February 12, 1996 under the Federal Tort Claims Act. They allege that, on or about August 10, 1994, plaintiff Donna DiPirro suffered serious physical injury when the automobile she was operating was struck by a United States Postal Service vehicle.

The government's answer includes several affirmative defenses, including a standard culpable conduct defense. However, the answer does not specifically plead that plaintiff failed to wear her seat belt.

New York law requires that a seat belt defense be specifically pleaded. Section 1229–c of the New York Vehicle and Traffic Law states, in pertinent part, that:

(3) No person shall operate a motor vehicle unless such person is restrained by a safety belt approved by the commissioner.

(8) Non-compliance with the provisions of this section shall not be admissible as evidence in any civil action in a court of law in regard to the issue of liability but may be introduced into evidence in mitigation of damages provided the party introducing said evidence has pleaded such non-compliance as an affirmative defense.

On February 12, 1998, the government moved to amend its answer to add a seat belt defense pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiffs object to the proposed amendment on the grounds that 1) they will suffer undue prejudice, 2) the seat belt defense would be futile, and 3) defendant's delay in raising the defense is unjustified.

## DISCUSSION

The decision whether to grant leave to amend in this case is within the court's discretion. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, as Rule 15(a) indicates, the court should deny such motions sparingly. The Supreme Court has stated the following as appropriate reasons for denial: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

### I. Undue Prejudice.

Section 1229–c(8) of the Vehicle and Traffic Law clearly states that evidence as to noncompliance with the seat belt law can be introduced in a civil action only on the issue

of mitigation of damages. The government argues that because the defense goes only to the issue of damages, and not to liability, plaintiffs cannot claim that they will be unduly prejudiced.

Plaintiffs state that they no longer own the automobile that Mrs. DiPirro was driving at the time of the accident and that they do not know of its whereabouts (Item 47, ¶ 3). Plaintiffs argue that they are prejudiced due to their inability to examine the physical evidence regarding Mrs. DiPirro's use of a seat belt. They claim that without further discovery, they are unable to refute defendant's evidence by showing, for instance, that some of plaintiff's injuries may have been caused by a seat belt that were not installed properly, not in good working order, or not worn correctly.

In support, plaintiffs rely on *Davis v. Davis,* 49 A.D.2d 1024, 374 N.Y.S.2d 482 (4th Dep't 1975). The defendant in *Davis* moved for leave to amend his answer to include an affirmative seat belt defense prior to trial. Special Term denied the motion. On review, the Appellate Division noted that leave to amend shall be freely given unless prejudice and unfair advantage will result. *Id.* at 482, 49 A.D.2d 1024 (citing CPLR 3025(b)). The court determined, however, that neither the car itself nor interior photographs were available to the plaintiff. It held that the trial court was correct in excluding seat belt evidence because of the plaintiff's inability to refute the defendant's testimony by examination of the physical evidence. *Id.*

The same reasoning was adopted by the Southern District of New York in *Brodvin v. Hertz Corp.,* 487 F.Supp. 1336, 1339 (1980). In that case, the District Court denied the defendant's motion to amend its answer to add a seat belt defense on the ground that the plaintiff would be unduly prejudiced. *Id.* The court noted that the accident had occurred seven years earlier, that discovery was well under way before the motion was made, and that it was unlikely that relevant evidence or testimony had been preserved. *Id.*

I find great similarity between the present case and those cited above. Here, defendant first raised the issue of a seat belt defense after the close of discovery.[1] The government moved to amend its answer approximately three and one-half years after the accident occurred. Plaintiffs no longer own the vehicle involved, nor do they know its whereabouts.

Accordingly, I find that plaintiffs' are unduly prejudiced by their inability to examine the physical evidence in order to refute defendant's testimony.

## II. Futility of the Amendment.

The issue of nonuse of a seat belt should not be submitted to a jury unless the defendant can demonstrate that the seat belt would have prevented some of the plaintiff's injuries. *See Rockman v. Brosnan,* 663 N.Y.S.2d 53 (2nd Dep't 1997); *Davis v. Bradford,* 226 A.D.2d 670, 642 N.Y.S.2d 48 (2nd Dep't 1996) (citing *Spier v. Barker,* 35 N.Y.2d 444, 450, 363 N.Y.S.2d 916, 323 N.E.2d 164 (1974); *Dowling v. Dowling,* 138 A.D.2d 345, 525 N.Y.S.2d 636 (2nd Dep't 1988) (seat belt defense properly submitted to jury where defendants had demonstrated, through engineer properly qualified as expert, causal connection between nonuse of available seat belt and plaintiff's injuries and damages)).

According to plaintiffs, the proposed amendment would be futile. They claim that, "in essence, it is [the government expert's] opinion that Mrs. DiPirro did not suffer any injuries in the motor vehicle accident of August 10, 1994." Plaintiffs argue that, because the government's position is that Mrs. DiPirro did not suffer any injuries, it would be futile to offer testimony on how use of a seat belt could have lessened her injuries.

After reading the expert's report and the government's affidavit, I disagree with plaintiffs' characterization of the government's position. Although the government's expert does opine that the evidence does not sup-

1. Discovery was concluded on November 1, 1997. The government first raised the issue of amending its answer to add the seat belt defense at a status conference held on November 18, 1997.

port a causal link between the accident and many of Mrs. DiPirro's physical complaints, he does not conclude that she suffered no injuries. Nor does the government make that assertion in its affidavit.

Accordingly, plaintiffs have not demonstrated that the government's argument as to mitigation of damages would be futile.

### III. Undue delay.

 Delay or untimeliness alone is not sufficient to defeat a motion for leave to amend. *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234–35 (2d Cir.1995); *State Teachers Retirement Bd. v. Fluor Corp.,* 566 F.Supp. 939, 941 (S.D.N.Y.1982). Undue delay will be considered, however, where there is an additional showing of bad faith, surprise or prejudice. *United States ex rel Maritime Administration v. Continental Ill. Nat. Bank & Trust Co. of Chicago,* 889 F.2d 1248, 1254–55 (2d Cir.1989); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg.,* 608 F.2d 28, 42 (2d Cir.1979).

The government maintains that there was no basis for discovering the viability of the seat belt defense until it received its expert's report in September of 1997, and that the issue was raised in a timely manner thereafter.

Upon review of the expert's report, I disagree with the government's claim that it had no basis for raising this issue earlier. It is apparent that the expert relied on accident reports and depositions that had been available to defendant for quite some time. For instance, the expert's report and the instant motion rely extensively on the deposition testimony of Mrs. DiPirro, which was received on October 31, 1996.

Mrs. DiPirro's testimony alone raises the question of seat belt use. Had the government sought to amend its answer at the time that testimony was received, the vehicle at issue still would have been in the plaintiffs' possession.[2]

In sum, I find that the government's delay in raising the seat belt defense is unjustified and that the delay has resulted in undue prejudice to plaintiffs due to the unavailabili-

ty of physical evidence. Accordingly, the government's motion to amend is denied.

### CONCLUSION

For the reasons set forth, the government's motion to amend the answer (**Item 39**) is DENIED.

**SO ORDERED.**

---

2. Mr. DiPirro affirms that the vehicle was traded to a dealer in August or September of 1997.