■ DONNA M. SHUE, as Administratrix of the Estate of JOSEPH SHUE, Deceased, Appellant, v RED CREEK CENTRAL SCHOOL DISTRICT et al., Respondents. RED CREEK CENTRAL SCHOOL DISTRICT et al., Third-Party Plaintiffs, v SHUE ROOFING, INC., et al., Third-Party Defendants-Respondents. [697 NYS2d 437] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: On September 2, 1992, plaintiff's decedent was killed when he fell through the roof of a building owned by de-

fendant Red Creek Central School District. Plaintiff, as surviving spouse and administratrix of decedent's estate, commenced this action alleging violations of sections 200, 240 (1) and 241 (6) of the Labor Law. On July 2, 1996, Supreme Court granted plaintiff's motion for partial summary judgment on Labor Law § 240 (1) liability. At the ensuing trial on damages, the jury awarded, as compensation for economic loss resulting from decedent's death, $950,000 to plaintiff and $200,000 to each of the three children of plaintiff and decedent. The court conducted a postverdict hearing on the issues of collateral source offsets and the calculation of preverdict interest on future damages. Following that hearing, the court structured the award pursuant to CPLR article 50-B.

We reject plaintiff's contention that the amount of damages awarded for economic loss is inadequate. The damages awarded constitute fair and just compensation to plaintiff and the three children for the loss of earnings, household services and parental guidance resulting from decedent's death (see, EPTL 5-4.3 [a]). We also reject plaintiff's contention that the court erred in calculating preverdict interest on future damages from the date of the liability determination rather than the date of decedent's death. Because the award was discounted to the date of the liability determination, "interest was properly charged against the present value of future damages from [that] date" (Pay v State of New York, 87 NY2d 1011, 1014; see, Milbrandt v Green Refractories Co., 79 NY2d 26, 35).

The court erred, however, in reducing the damage awards pursuant to CPLR 4545 by the amount of Social Security survivor benefits to which plaintiff and the children are entitled. Although CPLR 4545 authorizes such a reduction in appropriate circumstances (see, Bryant v New York City Health & Hosps. Corp., 93 NY2d 592, 608-609), defendants and third-party defendants failed to meet their burden of establishing the requisite correspondence between those benefits and the items of loss in the verdict (see, Adamy v Ziriakus, 231 AD2d 80, 87, affd 92 NY2d 396; Oden v Chemung County Indus. Dev. Agency, 87 NY2d 81, 89). Social Security survivor benefits are intended to compensate for a decedent's lost earnings (see, Bryant v New York City Health & Hosps. Corp., supra, at 608). The damages awarded for economic loss in the instant case, however, compensated plaintiff and the children not only for lost earnings, but also for loss of household services and parental guidance resulting from decedent's death. Absent an itemized verdict specifying the amount assigned to each element of loss, there is no direct correspondence between the

award for economic loss and the Social Security survivor benefits to which plaintiff and the children are entitled (*see, Oden v Chemung County Indus. Dev. Agency, supra,* at 87).

We therefore modify the judgment by restoring the amounts deducted pursuant to CPLR 4545 from the award of damages for economic loss, and we remit the matter to Supreme Court to recalculate the amount of that award. (Appeal from Judgment of Supreme Court, Cayuga County, Scudder, J.—Negligence.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.