■ ROBERT W. BOONE, Appellant, v JOHN R. HOPKINS et al., Respondents. [747 NYS2d 826] —Appeal from an order of Supreme Court, Erie County (Siwek, J., for Joslin, J.), entered January

24, 2002, which granted defendants' motion and resettled a judgment entered May 31, 2000.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the judgment entered May 31, 2000 is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck by a vehicle operated by defendant John R. Hopkins and owned by defendant John J. Zmuda. Defendants conceded negligence at trial but contended that their negligence was not a proximate cause of plaintiff's injuries. At the close of proof at trial, Supreme Court granted plaintiff's motion for a directed verdict on proximate cause and submitted the issue of damages to the jury. Plaintiff was awarded damages in the amount of $200,000 for past and future pain and suffering and past and future lost wages. Defendants moved pursuant to CPLR 4404 to set aside the verdict and for a new trial on the issues of proximate cause and damages, but in support of that motion contended only that plaintiff was not entitled to a directed verdict with respect to the issue of proximate cause and failed to address the issue of damages. Defendants filed a notice of appeal from the order denying their motion, and one week later plaintiff entered a judgment. Although defendants failed to appeal from the judgment, in the exercise of our discretion we treated the appeal from the order as taken from the judgment (*Boone v Hopkins*, 288 AD2d 916). We determined that the court properly granted plaintiff's motion for a directed verdict on the issue of proximate cause (*id.*).

Following the issuance of our decision in the prior appeal, defendants moved for an order "correcting or amending" the judgment, seeking to reduce the judgment by the "no-fault lost wage payments" received by plaintiff. The court erred in granting the motion. Although plaintiff had indicated in his supplemental amended bill of particulars that a portion of his lost wages prior to trial was being paid by a collateral source, i.e., no-fault insurance, defendants failed to seek an offset based on those payments or otherwise request a collateral source hearing until after the issuance of our decision in the prior appeal. Under these circumstances, we conclude that defendants waived their right to a reduction of the judgment (*see Ventriglio v Active Airport Serv.,* 257 AD2d 657; *cf. Bailey v State of New York,* 199 AD2d 857, 857-858; *Hill v Muchow*, 178 AD2d 954, 955; *Virkler v Shockney,* 178 AD2d 966). We therefore reverse the order, deny defendants' motion, and rein-

state the judgment entered May 31, 2000, which provided for interest from the date of the verdict. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.