[753 NYS2d 266]

TINA WOOTEN, Individually and as Administrator of the Estate of JAMES A. WOOTEN, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 93933.)

Fourth Department, December 30, 2002

## APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General*, Albany (*Michael S. Buskus* of counsel), for appellant.

*Andrew F. Plasse, P.C.*, New York City, for respondent.

### OPINION OF THE COURT

HURLBUTT, J.

The central issue raised on this appeal is whether defendant's application for a collateral source offset pursuant to CPLR 4545, couched as a motion to fix the amount thereof, was untimely because it was made for the first time after the verdict was rendered but before judgment was entered. The two further issues raised are whether a collateral source offset pursuant to CPLR 4545 must be pleaded as an affirmative defense pursuant to CPLR 3018 (b) and, if so, whether defendant is entitled to amend its answer to assert that affirmative defense. For the reasons that follow, we conclude that the application for a collateral source offset was timely and that a collateral source offset must be pleaded as an affirmative defense. We further conclude on the facts before us that the answer should be deemed amended pursuant to CPLR 3025 (c) to assert that affirmative defense.

Claimant's decedent, James A. Wooten, died of congestive heart failure while incarcerated. Claimant, the widow of decedent and the administrator of his estate, commenced this wrongful death action alleging negligence and medical malpractice. Following a bench trial, the Court of Claims found that defendant was liable for decedent's death based on defendant's failure to provide adequate medical care, and determined that the distributees of decedent's estate were claimant and decedent's son. The court's award of damages included $24,000 for past lost wage-related support, $138,000 for future lost wage-related support, $4,000 for past lost household services, $34,000 for future lost household services, $3,167.28 for funeral expenses, $10,000 for past lost parental support and guidance, and $125,000 for future lost parental support and guidance, for a total award of $338,167.28. The court held judgment in abeyance pending a hearing pursuant to CPLR article 50-B.

While judgment was in abeyance, defendant advised claimant that it had calculated an offset for Social Security survivor benefits paid to decedent's son. Claimant moved to determine the amount of the judgment to be entered and to preclude any application for an offset as either waived or untimely, and defendant moved to fix the amount of the offset pursuant to CPLR article 50-B. The court held claimant's motion in abeyance pending a determination from Surrogate's Court with respect to dividing part of the award and denied defendant's motion on the ground that defendant had failed to seek that relief in a timely fashion.

As a preliminary matter, we note that claimant failed to preserve for our review her contention that the issues before us are not ripe for resolution (*see generally Gitlen v Gallup*, 241 AD2d 856, 859). Indeed, claimant herself first raised the issues in her posttrial motion.

■ Contrary to claimant's contention, the court erred in determining that defendant's posttrial application for an offset was untimely. We conclude that, in the absence of direction from the trial court to the contrary (*see Virkler v Shockney*, 178 AD2d 966), an application for a collateral source offset is timely if made before judgment is entered. We reject claimant's contention that defendant failed to make a timely request for a collateral source hearing pursuant to CPLR 4404 (b) and 4405. The 15-day time limitation set forth in CPLR 4405, by its express terms, applies only to motions made pursuant to CPLR article 44 (*cf. Bongiovanni v Staten Is. Med. Group*, 188 Misc

2d 362). The issue of the admissibility of collateral sources of payment is governed by CPLR article 45, which does not contain a time limitation. Claimant's reliance on *Virkler* is misplaced because that case is factually distinguishable from the case before us. In *Virkler*, we concluded that defendants had not preserved for our review their contention on appeal that a collateral source hearing should have been held. After the verdict was announced in *Virkler*, the trial court set a date for motions with respect to the verdict. When defendants informed the court that a collateral source hearing would be needed, the court indicated that defendants should apply for such a hearing by way of a posttrial motion if the parties themselves were unable to resolve the issue. Defendants failed thereafter to inform the court that the issue had not been resolved, nor did they "challenge the award for loss of earnings or otherwise seek a hearing" (*Virkler*, 178 AD2d at 967). Here, the issue is preserved for our review (*cf. Boone v Hopkins*, 298 AD2d 866).

We reject claimant's further contention that CPLR 4545, which provides for a reduction in an award of damages based on reimbursement from collateral sources, requires the introduction of evidence on the issue of collateral source reimbursement during the trial rather than during a posttrial hearing (*see Caruso v LeFrois Bldrs.*, 217 AD2d 256, 258-259; *see also Turnbull v USAir, Inc.*, 133 F3d 184, 188-189). Moreover, contrary to claimant's contention, there is no requirement in CPLR 4545 that, for bench trials only, evidence of collateral sources of payment must be presented during the trial and not during a posttrial hearing (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4545:3, at 349; *see also Teichman v Community Hosp. of W. Suffolk*, 205 AD2d 16, 19 ["the Legislature intended the statute to define an evidentiary rule which is to be applied only where the matter is tried and a judgment in favor of a plaintiff has been 'awarded' "], *mod on other grounds* 87 NY2d 514).

■ Claimant further contends that defendant waived its right to an offset by failing to seek the offset by way of an affirmative defense in its answer. We agree with claimant that collateral sources of payment pursuant to CPLR 4545 must be pleaded as an affirmative defense. We reach our conclusion based on the broad mandate set forth in CPLR 3018 (b) that "[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading." As

this Court wrote in *Davis v Davis* (49 AD2d 1024, 1024), "Under [that] section, partial defenses and matters that tend to mitigate damages must be pleaded affirmatively" (*see* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3018.17, at 30-421; *see generally Whalen v Kawasaki Motors Corp.*, 92 NY2d 288, 293).

In *Whalen* (92 NY2d at 293), Judge Ciparick wrote for a unanimous Court: "Notably, as an affirmative defense, General Obligations Law § 15-108 (a) must be pled by a tortfeasor seeking its protection." We reject the view expressed in the footnote in the concurring opinion that *Whalen* is "not instructive" and, indeed, we conclude that *Whalen* is dispositive. There is no valid distinction under CPLR 3018 (b) between an offset asserted pursuant to General Obligations Law § 15-108 (a) and an offset asserted pursuant to CPLR 4545. Both invoke a statute-based reduction in the verdict, and both are presented to and determined by the court after the verdict is rendered rather than during trial. The fact that the offset asserted pursuant to General Obligations Law § 15-108 (a) is based on a plaintiff's settlement with a tortfeasor while the offset asserted pursuant to CPLR 4545 is based on reimbursement of a plaintiff's expenses from a collateral source is inconsequential. In both instances, the offset sought by a defendant "raise [s] issues of fact not appearing on the face of a prior pleading" (CPLR 3018 [b]), thus requiring that the offset be pleaded as an affirmative defense. We note that the requirement in CPLR 3018 (b) that " [a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" is in the disjunctive, and thus either circumstance invokes the pleading requirement (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:13). Thus, the absence of surprise to the plaintiff herein is no different from the absence of surprise to a plaintiff who, as in *Whalen*, has settled with a tortfeasor. Moreover, the public policy supporting collateral source offsets is no stronger than the public policy supporting offsets pursuant to General Obligations Law § 15-108 (a). Nor, for that matter, is the public policy supporting collateral source offsets stronger than the public policy supporting the statute of limitations and the statute of frauds, defenses that also are waived unless affirmatively pleaded pursuant to CPLR 3018 (b) (*see Matter of Watt v Town of Gaines*, 140 AD2d 947, *lv denied in part and dismissed in part* 72 NY2d 1040; *Barnum v Frickey*, 115 AD2d 977).

Here, defendant contends for the first time on appeal that the court should have, apparently sua sponte, permitted it to

amend its answer to assert the offset as an affirmative defense. We note that, although defendant did not move to amend its answer before the trial court, it sought discovery concerning reimbursement from collateral sources, notified claimant after the verdict of its calculation of the CPLR 4545 offset, and moved to fix the amount of that offset. Notably, claimant adduced evidence at trial that decedent's son was receiving Social Security benefits. Appellate courts have sua sponte amended answers to conform to the evidence at trial (*see e.g. Smith v Pagano*, 154 AD2d 586, 587-588, *lv denied* 76 NY2d 703; *Smirlock Realty Corp. v Title Guar. Co.*, 97 AD2d 208, 236, *mod on other grounds* 63 NY2d 955; *D'Antoni v Goff*, 52 AD2d 973, 974; *see also Tri-County Med. Group v Fingerman*, 226 AD2d 155; *Cartwright Van Lines v Barclays Bank of N.Y.*, 120 AD2d 478, 479, *lv denied* 68 NY2d 608). Where, as here, there is no prejudice or surprise to claimant and, indeed, defendant asserts on appeal that its answer should have been amended to assert the offset as an affirmative defense, we conclude in the exercise of our discretion that defendant should be afforded that relief (*see* CPLR 3025 [c]; *Smirlock Realty Corp.*, 97 AD2d at 236; *D'Antoni*, 52 AD2d at 974; *see also Cartwright Van Lines*, 120 AD2d at 479).

Accordingly, we conclude that the order should be reversed, defendant's answer deemed amended to assert the collateral source offset as an affirmative defense, and the matter should be remitted to the Court of Claims for further proceedings to determine the application for and, if necessary, the amount of the offset and the amount of the judgment to be entered.

SCUDDER, J. (concurring in part and dissenting in part). Because we conclude that CPLR 3018 (b) does not require defendant to plead as an affirmative defense its intention to seek a posttrial offset of damages from a collateral source, we concur in part and dissent in part. The majority concludes "that collateral sources of payment pursuant to CPLR 4545 must be pleaded as an affirmative defense * * * [,] based on the broad mandate set forth in CPLR 3018 (b) that '[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading.' " Examples of affirmative defenses set forth in CPLR 3018 (b) are "arbitration and award, collateral estoppel, culpable conduct claimed in diminution of damages as set forth in article fourteen-A [i.e., cases in which contributory negligence or assumption of risk is established], discharge in bankruptcy, facts showing illegality

either by statute or common law, fraud, infancy or other disability of the party defending, payment, release, res judicata, statute of frauds, or statute of limitation." The purpose of pleading affirmative defenses is to "eliminate surprise and to permit the [claimant] to know what contentions will be interjected by way of defense to his claim" (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3018.13, at 30-408).* Here there was no surprise to claimant that defendant sought to reduce its liability by the amount of payments received by decedent's son from a collateral source. Moreover, "the Legislature intended [CPLR 4545] to define an evidentiary rule which is to be applied only where the matter is tried and a judgment in favor of a [claimant] has been 'awarded'" (*Teichman v Community Hosp. of W. Suffolk,* 205 AD2d 16, 19, *mod on other grounds* 87 NY2d 514). In the event that evidence of collateral source payments is presented during a bench trial, it is done so for purposes of judicial economy, "because of a presumed lack of prejudice" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4545:3, at 349), not as a defense to the claim. Whereas the posttrial application seeking to reduce defendant's liability for economic damages does not impact upon a court's function to determine matters of law affecting the claim or upon a court's fact-finding function to determine liability and damages, an affirmative defense does impact upon those functions.

As the majority correctly notes, "[u]nder [CPLR 3018 (b)], partial defenses and matters that tend to mitigate damages must be pleaded affirmatively" (*Davis v Davis,* 49 AD2d 1024, 1024). However, in our view, that principle set forth in *Davis* is not applicable here. This Court determined in *Davis* that Supreme Court properly refused to admit evidence at trial concerning the availability and nonuse of seatbelts and refused to permit defendant to amend his answer to assert as an affirmative defense that plaintiff failed to wear her seatbelt. It is defendant's burden *at trial* (*see generally id.*) to establish that damages should be mitigated, i.e., that claimant failed "to use ordinary care to alleviate the effects of the injury" (Black's Law Dictionary 1018 [7th ed 1999]; *see also* 1B NY PJI3d 1455 [2002]). Pursuant to CPLR 4545 (a), however, an award of

---

* *Whalen v Kawasaki Motors Corp.* (92 NY2d 288), cited by the majority, is not instructive. General Obligations Law § 15-108, the statute at issue in that case, is concerned with the payment to a plaintiff for the release from liability of a joint tortfeasor. Release and payment are specifically enumerated in CPLR 3018 (b) as affirmative defenses that must be pleaded.

damages for past or future economic cost or expense may be reduced by the amount of any collateral source that shall replace or indemnify the cost or expense. That section abrogated the common-law rule precluding the reduction of a personal injury award by payments received by claimant from other sources; it "was intended to eliminate double recoveries" (*Bryant v New York City Health & Hosps. Corp.,* 93 NY2d 592, 607; *cf. Shue v Red Cr. Cent. School Dist.,* 266 AD2d 899, 900-901). The issue whether there is another source from which claimant is or will be compensated for economic loss is not relevant to the issues whether defendant is liable to claimant, whether claimant is entitled to damages, or whether the damages may be mitigated. Thus, in our view, collateral sources of payment pursuant to CPLR 4545 need not be pleaded as an affirmative defense. In any event, the failure to plead a collateral source of payment as an affirmative defense would not prevent defendant from asserting its right to reduce its liability for damages based on such payments from a collateral source where, as here, "an issue of public policy" is involved (*Carlson v Travelers Ins. Co.,* 35 AD2d 351, 354; *see generally* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3018.18).

WISNER, J.P., and GORSKI, J., concur with HURLBUTT, J.; SCUDDER and LAWTON, JJ., concur in part and dissent in part in a separate opinion by SCUDDER, J.

It is hereby ordered that the order so appealed from be and the same hereby is reversed, on the law and in the exercise of discretion, without costs, the answer is deemed amended and the matter is remitted to the Court of Claims for further proceedings in accordance with the opinion by Hurlbutt, J.