■■■ MICHELE A. ANDREW, Individually and as Parent and Natural Guardian of C.A., an Infant, Appellant, v Soo HURH, M.D., et al., Respondents, et al., Defendants. (Appeal No. 1.) [824 NYS2d 546]—

Appeal from a judgment of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered July 19, 2005 in a medical malpractice action. The judgment, upon a jury verdict, dismissed the complaint against defendants Soo Hurh, M.D., Lynn Hickox, C.N.M., and Community General Hospital.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from a judgment entered following a jury trial dismissing the medical malpractice complaint against Soo Hurh, M.D., Lynn Hickox, C.N.M., and Community General Hospital (collectively, defendants), plaintiff contends that Supreme Court erred in allowing the testimony of Dr. Anthony Scalzo and Dr. Richard Aubry. Contrary to the contention of plaintiff, defendants were not required to provide plaintiff with CPLR 3101 (d) expert disclosure concerning Scalzo, inasmuch as "a treating physician may give expert opinion testimony . . . and may do so without prior notice pursuant to CPLR 3101 (d)" (*Krinsky v Rachleff*, 276 AD2d 748, 750 [2000]; *see also Finger v Brande*, 306 AD2d 104 [2003]; *but see Thomas v 14 Rollins St. Realty Corp.*, 25 AD3d 317 [2006]). Contrary to the further contention of plaintiff, Scalzo's testimony was not speculative (*see generally Cassano v Hagstrom*, 5 NY2d 643, 646 [1959], *rearg denied* 6 NY2d 882 [1959]).

Plaintiff further contends that the testimony of Scalzo should have been stricken because defense counsel conducted ex parte post-note of issue interviews with Scalzo, allegedly in violation of the Health Insurance Portability and Accountability Act of 1996. By failing to raise that contention until the posttrial motion to set aside the verdict, plaintiff failed to preserve it for our review (*see Wooten v State of New York*, 302 AD2d 70, 72 [2002], *lv denied* 1 NY3d 501 [2003]; *Taylor-Gove v St. Joseph's Hosp. Health Ctr.*, 242 AD2d 879, 880 [1997], *lv denied* 91 NY2d 805 [1998]; *Delay v Rhinehart*, 176 AD2d 1211 [1991]). By withdrawing her request for a *Frye* hearing concerning the testimony of

Aubry, plaintiff waived her current contention that Aubry's testimony should have been stricken or that a *Frye* hearing should have been held *(see e.g. Matter of Dyandria D.*, 22 AD3d 354, 355 [2005], *lv denied* 6 NY3d 704 [2006]; *Grimaldi v Spievogel*, 300 AD2d 200 [2002]). Present—Kehoe, J.P., Martoche, Smith and Pine, JJ.