KEYBANK NATIONAL ASSOCIATION, Respondent, v HOWLETT HILL FIRE DEPARTMENT, INC., Respondent, and P.S. GRISWOLD CO., INC., Appellant, et al., Defendants. [840 NYS2d 501]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered February 9, 2006. The order, among other things, granted plaintiff's motion for an order of discontinuance and cancellation of plaintiff's notice of pendency.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, KeyBank National Association (KeyBank), agreed to loan money to defendant Howlett Hill

Fire Department, Inc. (Howlett Hill), for, inter alia, the construction of an addition to Howlett Hill's fire station. The loan was memorialized by a note and was secured by a mortgage on Howlett Hill's property. The Mortgage and Security Agreement and the Building Loan Agreement were filed with the County Clerk.

Defendant P.S. Griswold Co., Inc. (Griswold) was hired as a contractor on the project, but Howlett Hill terminated Griswold's contract. After Griswold filed a notice of mechanic's lien in September 2001, another contractor on that project commenced an action against Griswold. Griswold then commenced a third-party action against, inter alia, Howlett Hill and, in May 2002, Griswold filed a notice of pendency.

In March 2004 KeyBank commenced this action against Howlett Hill and Griswold and, on April 1, 2004, KeyBank filed a notice of pendency. In June 2004 Griswold answered KeyBank's complaint and asserted a "counterclaim" against Howlett Hill. Ultimately, KeyBank and Howlett Hill reached a settlement and, in October 2005, KeyBank moved for an order of discontinuance and cancellation of its notice of pendency. Howlett Hill cross-moved for summary judgment dismissing Griswold's "counterclaim" on the ground that Griswold's notice of pendency and mechanic's lien had expired in May 2005 by operation of CPLR 6513 and Lien Law § 17. Griswold opposed KeyBank's motion and Howlett Hill's cross motion and cross-moved for partial summary judgment seeking a determination that KeyBank's building loan mortgage lien is, to the extent of money advanced by KeyBank after modification of the building loan contract on May 25, 1999, subject to Griswold's mechanic's lien. We conclude that Supreme Court properly granted KeyBank's motion and Howlett Hill's cross motion and properly denied Griswold's cross motion.

Contrary to the contention of Griswold, its notice of pendency and mechanic's lien expired in May 2005. Pursuant to Lien Law § 17, the duration of a mechanic's lien is one year unless, within that time, an action to foreclose the lien is commenced and a notice of pendency is filed or an extension of the lien is granted and filed. Griswold's mechanic's lien was extended by virtue of the fact that Griswold filed a notice of pendency in its third-party action against, inter alia, Howlett Hill within the requisite time period. That notice of pendency was filed in May 2002 and, pursuant to CPLR 6513, was effective for a period of three years unless an extension order was granted, filed, recorded and indexed before expiration of the three-year period (*see generally Matter of Sakow*, 97 NY2d 436, 442 [2002]). It is well settled

that "a lapsed notice of pendency may not be revived" (*id.*). It is undisputed that Griswold did not seek an extension of its notice of pendency before the three-year period expired.

Griswold contends, however, that its notice of pendency was extended by virtue of KeyBank's notice of pendency. Griswold relies on Lien Law § 17 insofar as it provides that, "[i]f a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed in this section, the lien of such defendant is thereby continued." Pursuant to section 17, the notice of pendency must be filed within "one year after the notice of lien has been filed" in order to extend the lien. KeyBank's notice of pendency was not filed within one year after Griswold's notice of mechanic's lien was filed. Thus, KeyBank's notice of pendency did not operate to extend Griswold's mechanic's lien, and the lien was valid only until Griswold's notice of pendency expired in May 2005.

Contrary to Griswold's further contention, the court properly granted that part of the motion of KeyBank seeking cancellation of its notice of pendency. Pursuant to CPLR 6514 (a), cancellation of a notice of pendency is required where, as here, an action has been settled. Because KeyBank's notice of pendency was cancelled by court order, Griswold's reliance on CPLR 6514 (d) is misplaced. That section requires a defendant's consent to the cancellation only in the absence of a court order (*see* CPLR 6514 [a], [d]).

Inasmuch as Griswold withdrew its motion seeking consolidation of this action with the companion action commenced by another contractor against it, Griswold has waived its present contention that the court erred in discontinuing this action before considering consolidation (*see e.g. Andrew v Hurh*, 34 AD3d 1331, 1331-1332 [2006]; *Grimaldi v Spievogel*, 300 AD2d 200 [2002]).

Based on our conclusion that Griswold's notice of pendency and mechanic's lien had expired, we do not consider Griswold's remaining contention. Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.